HOBSON, Justice.
Plaintiff prosecutes this appeal from a summary final judgment for defendant, entered upon stipulated facts.
Defendant had insured the contents of plaintiff’s safe under a special burglary and robbery policy which read, in pertinent part as follows:
“Insuring Agreements
“ * * * III. Safe Burglary. To indemnify the insured:
“ (a) For all loss of such property occasioned by Safe Burglary which shall mean the felonious abstraction of such property from within a safe or vault in such premises, or while located elsewhere after removal therefrom by burglars, by any person or persons making felonious entry into the safe and also into the vault, if any, containing the safe, when the doors thereof are duly closed, and locked by at least one combination or time lock thereon; provided that such entry shall be made by actual force and violence of which there shall be visible marks made by tools, explosives, electricity, gas or other chemicals, upon the exterior of (a) said doors of the safe and of the vault, if any, containing the safe, if entry is made through such doors, or (b) the top, bottom or walls of the safe and of the vault, through which entry is made, if not made through such doors.”
During the night-time on June 29, 1954, a person or persons unknown entered plaintiff’s premises and removed therefrom the plaintiff’s safe which contained cash and certain securities. Entry to the premises was made by forcibly opening doors leading to the office where the safe was situated. The safe door was closed and locked and was equipped with combination time locks as was required under the policy. The safe has not been recovered.
Thereafter, plaintiff submitted a sworn proof of loss demanding that he be paid $609.95, said sum representing the cash and securities contained in the safe to *342 gether with the value of the safe. Defendant refused to pay this claim, contending that under the insurance agreement the plaintiff had failed to prove that entry to the safe was made by force and violence, leaving visible marks. Upon these facts, the summary judgment appealed from was entered.
Appellant contends that the trial court’s disposition of the case was in error, but states that diligent search has produced no cases wherein the proof required under the insurance agreement quoted above was discussed. It is not contended that the policy provision in question is ambiguous, but it appears to be argued that the conditions of the policy provision have been substantially satisfied.
We had occasion to consider a similar contention in Voelker v. Combined Insurance Co. of America, Fla., 73 So.2d 403. In that case, the plaintiff relied wholly upon circumstantial evidence in an attempt to recover under an insurance policy. We discussed in some detail the standard of proof required, and we held that in the ordinary case inference could not be pyramided upon inference to bring the factual situation within the terms of the policy. In the instant case, we must infer from the circumstances that the plaintiff’s premises were feloniously entered, by force and violence, and that the crime there committed amounts to burglary, the safe having been carried off. We may also infer that the felons who took the safe would open it, but under the Voelker case, supra, we would enter the forbidden realm of speculation if we were to infer that the opening of the safe left marks upon it, which would bring the case within the terms of the policy. We would also be speculating if we were to say that the safe could not have been opened without leaving marks. We, therefore, are constrained to hold that no error in the ruling of the court below is made to appear. Accordingly, the judgment appealed from must be, and it is hereby,
Affirmed.
DREW, C. J., and TERRELL and THORNAL, JJ., concur.