PER CURIAM.
The defendant appeals an order granting plaintiff’s motion for new trial. The trial judge set forth the ground:
“The Court is concerned with certain of the jury instructions in this cause which, in my opinion, misled the jury in their deliberations. There were two issues in this cause, negligence and/or nuisance.
“In reviewing the jury charges, the Court is now of the belief that the jury was misled on the applicable law. The Court’s proximate cause instructions on the negligence issue restricted recovery for the plaintiff to a finding by the jury that the negligence of the defendant was the sole proximate cause of the plaintiff’s injuries, notwithstanding the fact that the jury might have found the public nuisance created by the defendant to be a proximate cause of plaintiff’s injuries. These instructions regarding negligence restricted the plaintiff’s recovery, if any, to the negligence issue.”
A review of the record in the light of the contentions contained in appellant’s brief reveals that the trial judge acted within the wide discretion granted to a trial judge upon motion for new trial. We therefore affirm upon authority of Cloud v. Fallis, Fla.1959, 110 So.2d 669.
Affirmed.