234 So.2d 396 (1970)
The PHOENIX INSURANCE COMPANY, Appellant,
v.
James R. BRANCH, Jr., and Mary Lee Branch, Appellees.
No. 69-233.
District Court of Appeal of Florida, Fourth District.
April 29, 1970.
*397 Thomas A. Hoadley, of Howell, Kirby, Montgomery & D'Aiuto, West Palm Beach, for appellant.
B.F. Paty, Jr., and William E. Eaton, Jr., of Paty, Downey, Lewis & Daves, Palm Beach, for appellees.
CROSS, Chief Judge.
Appellant-defendant, Phoenix Insurance Company, appeals a final judgment entered in a non-jury trial in favor of the appellees-plaintiffs, James R. Branch, Jr., and Mary Lee Branch, in an action to recover, under an "all risks" homeowners insurance policy, damages to a home. We affirm.
On September 22, 1966, the plaintiffs filed their complaint against the defendant, alleging that they had suffered a loss to their premises insured by the defendant in the amount of $4,999, and that the loss was in the form of numerous cracks and fractures on the interior and exterior of the insureds' premises, which cracks and fractures were the result of dredging operations during the months of August, September, October, November and December 1964 being conducted in the body of water commonly known as Lake Worth Inlet, Palm Beach County, Florida; that the plaintiffs had made claim against the defendant for the loss and had performed all conditions required of them, and that the defendant had refused to pay the plaintiffs for the loss to their property. Plaintiffs demanded judgment against the defendant in the amount of $4,999 plus reasonable attorneys' fees and court costs.
The answer filed by defendant through its original attorneys admitted that it had in force and effect a homeowners policy of insurance issued to the plaintiffs, but in essence denied the balance of the allegations contained in plaintiffs' complaint. Neither plaintiffs nor defendant sought trial by jury. Defendant filed a third party complaint against the Great Lakes Dredge and Dock Company, asserting in essence that this third party defendant had exploded large quantities of explosives producing concussions and vibrations of the earth and air which in turn caused the damages complained of against the defendant, and demanded indemnification against the dredging company. Prior to trial this third party complaint was dismissed. The original attorneys withdrew and defendant's cause was championed by another law firm, who filed motion for jury trial. The motion was denied.
The cause came on to trial before the court without a jury, resulting in a final judgment being entered in favor of the plaintiffs in the sum of $6,479.28, of which $1,325.00 was for attorneys' fees. This appeal followed.
The insurance contract issued by the defendant was comprised of a basic policy and certain endorsements attached thereto. Pertinent to the question of coverage herein is an endorsement entitled "Homeowner's Policy-Dwelling Special Form (Endorsement MIC-3)." This endorsement provided under the heading "Perils Insured Against,"
"This policy with respect to Coverages A and B under Section I insures against all risks of physical loss (and under Coverage D, additional living expense resulting from such loss), except as excluded or limited herein." (Emphasis added.)
In an effort to limit its liability, the defendant set forth in a section called Special Exclusions certain specific risks for which it did not wish to be liable. The *398 following are the pertinent exclusions under that section:
"This policy does not insure against loss:
"(a) by wear and tear, deterioration, rust, mould, wet or dry rot; contamination, smog, smoke from agricultural smudging or industrial operations; mechanical breakdown; settling, cracking, shrinkage, bulging or expansion of pavements, patios, foundations, walls, floors, roofs or ceilings; birds, vermin, insects or domestic animals; unless loss by fire, smoke (other than smoke from agricultural smudging or industrial operations), explosion, collapse of building, water not otherwise excluded or glass breakage ensues, and this Company shall then be liable only for such ensuing loss;
"(b) caused by, resulting from, contributed to or aggravated by any earth movement, including but not limited to earthquake, landslide, mudflow, earth sinking, rising or shifting; unless loss by fire, explosion or breakage of glass constituting a part of the building(s) covered hereunder, including glass in storm doors and storm windows, ensues, and this Company shall then be liable only for such ensuing loss;"
In recent years, the so-called "all risks" insurance policy has been used with increasing frequency. Such a policy is to be considered as creating a special type of coverage extending to risks not usually covered under other insurance, and recovery under the "all risks" policy will as a rule be allowed for all fortuitous losses not resulting from misconduct or fraud unless the policy contains a specific provision expressly excluding the loss from coverage. 13 Couch on Insurance 2d, § 48.138 (1965). Thus a policy against "all risks" ordinarily covers every loss that may happen except by the fraudulent acts of the insured.[1] See also Sun Insurance Office, Limited v. Clay, Fla. 1961, 133 So.2d 735. We must, therefore, conclude that the very nature of the term "all risks" must be given a broad and comprehensive meaning as to the covering of any loss other than a willful and fraudulent act of the insured. Of course, despite the presence of the "all risks" provision, the loss is not covered if it comes within any specific exclusion contained in the policy.
In insurance policies the general rule of evidence that the burden of proving a particular issue or of proving an entire action is upon the party who will be defeated if no evidence relating thereto is given on either side is fully applicable. The burden of proving an avoidance of the action on the basis that the loss is not covered, since it comes within a specific exclusion contained in the policy is upon the insurer. Aetna Life Insurance Co. v. Ward, 1891, 140 U.S. 76, 11 S.Ct. 720, 35 L.Ed. 371; Watkins v. Prudential Insurance Co., 1934, 315 Pa. 497, 173 A. 644, 95 A.L.R. 869; 44 Am.Jur.2d Insurance, § 1952.
Thus, although the insured seeking to recover under an "all risks" policy has the burden of proving that the insured property was lost or damaged and possibly that the loss was fortuitous, the rule is that once the insured establishes a loss apparently within the terms of the policy, the burden is upon the insurer to prove that the loss arose from a cause which is excepted. Jewelers Mutual Insurance Co. v. Balough, 5 Cir.1959, 272 F.2d 889.
Defendant's argument that the plaintiffs' loss is not covered and comes within the specific exclusions alluded to above does not impress us. It is true that the plaintiffs pleaded that the loss to their home was in the form of numerous cracks and fractures on the interior and exterior of the premises, and that the cracks and fractures were the result of dredging operations conducted in Lake Worth Inlet. The evidence at the trial on this matter clearly indicates that the plaintiffs in fact *399 sought recovery under the policy issued by the defendant on the basis of damage done to their home by reason of blasting activities, which resulted in the cracking of the walls, roof and ceilings. This issue, although not specifically raised by the pleadings, was tried with consent of the parties and should be treated as though it had been so raised. Owca v. Zemzicki, Fla.App. 1962, 137 So.2d 876.
The plaintiffs established a loss which was apparently within the terms of the policy. The burden of proof then fell upon the insurer to establish that the loss came within the scope of a specific exclusion in the policy. The defendant failed to sustain this burden.
Accordingly, we conclude that the loss does not fall within the exclusionary provisions of the insurance policy.
Finally, we have considered the remaining points raised by the defendant and determine them to be totally lacking in merit.
Affirmed.
REED and OWEN, JJ., concur.
NOTES
[1] For an excellent annotation see "Coverage Under All Risk Insurance," 88 A.L.R.2d 1122.