319 So.2d 632 (1975)
ROSIE O'GRADY'S WAREHOUSE, INC., and Robert J.S. Snow, Appellants,
v.
The CHARTER OAK FIRE INSURANCE COMPANY, Appellee.
No. X-36.
District Court of Appeal of Florida, First District.
October 10, 1975.
*633 Wilmer H. Mitchell, Holsberry, Emmanuel, Sheppard, Mitchell & Condon, for appellants.
Gary B. Lane, Beggs, Lane, Daniel, Gaines & Davis, Pensacola, for appellee.
SMITH, Judge.
The Charter Oak Fire Insurance Company insured appellants against certain losses and damage by "safe burglary or attempt thereat." Within the policy period, an intruder broke into appellants' business premises in Pensacola, opened the designated safe without violence and stole $2,061, for which claim was made under the policy. The trial court entered judgment for Charter Oak and the insureds appeal.
The critical term "safe burglary" is defined in the mercantile robbery and safe burglary endorsement as
"(a) the felonious abstraction of insured property from within a vault or safe described in the declarations and located within the premises by a person making felonious entry into such vault or safe... when all doors thereof are duly closed and locked by all combination locks thereon, provided such entry shall be made by actual force and violence, of which force and violence there are visible marks made by tools, explosives, electricity, or chemicals upon the exterior of (i) all of said doors of such vault or such safe ... if entry is made through such doors, or (ii) the top, bottom, or walls of such vault or such safe ... through which entry is made, if not made through such doors, or (b) the felonious abstraction of such safe from within the premises."
Appellants' money was taken from the safe during business hours after an employee had rotated the dial of the combination lock through the first two sequences. The dial had only to be rotated to a stop in the proper direction for the intruder to gain entry. The key to the locked door of the interior compartment was in the lock. The intruder who forcefully entered the premises by breaking a window opened the safe without force or violence and left no visible marks of any character on the doors of the safe.
While insurance policies such as this are to be read in such a way as to resolve all ambiguities favorably to the insured, we are unable to accept appellants' arguments that in these circumstances their loss of money from within the safe was covered by the terms of the policy. We agree that "all doors" of the safe were "duly closed." We may also assume for present purposes that the doors were "locked by all combination locks thereon." But we cannot sustain coverage if we give effect to the policy requirements that the felonious entry into the safe be made by actual force and violence, of which there are visible marks on all doors of the safe.
In Moore v. General Cas. Co. of America, 91 So.2d 341 (Fla. 1956), coverage was denied under a similar insuring agreement when entry to the premises was made by force and the safe itself was stolen. The taking of appellants' safe as in Moore would have resulted in a loss covered by the policy now before us, by virtue of part (b) of the above-quoted definition of "safe burglary." But in the circumstances of this case we are bound to give effect to Moore's requirement of proof of visible marks on the safe. We must reject, as did the court by implication in Moore, the argument that the policy's "visible marks" requirement is intended only as nonessential evidentiary assurance that the theft was by an intruder and not an employee. Compare Ferguson v. Phoenix Assur. Co., 189 Kan. 459, 370 P.2d 379 (1962).
We have also considered appellants' reasoning that, if their money was *634 not lost by "safe burglary," it was lost by "attempt thereat." In construing an insurance policy we are not necessarily bound by authorities defining a criminal attempt as an act done to commit a crime which, except for interference, would have resulted in the commission of that crime. See, e.g., Groneau v. State, 201 So.2d 599 (Fla.App. 4th, 1967), cert. den. 207 So.2d 452 (Fla.). But common understanding defies the notion that a successful effort to remove money from a safe may constitute an "attempt" at "safe burglary." Charter Oak's policy covered loss by damage to the safe and certain contents as well as by abstraction of money within, and the attempt coverage most apparently applies to damage caused by unsuccessful efforts to enter the safe.
Affirmed.
McCORD, Acting C.J., and MILLS, J., concur.