335 So.2d 291 (1976)
AUTO SPECIALTIES MANUFACTURING COMPANY and the Travelers Insurance Company, Appellants (Defendants),
v.
Roy BOUTWELL and Geraldine Boutwell, Appellees (Plaintiffs).
No. Y-330.
District Court of Appeal of Florida, First District.
June 25, 1976.
Rehearing Denied August 9, 1976.
*292 John M. Green, Jr., of Green, Simmons, Green & Hightower, Ocala, for appellants.
Eric E. Wagner, Ocala, for appellees.
MILLS, Judge.
The Boutwells filed a complaint alleging negligence on the part of Auto Specialties in the manufacture, design and sale of a hydraulic jack which exploded, causing injury to Boutwell. Auto Specialties denied negligence, and affirmatively alleged comparative negligence and assumption of the risk on the part of Boutwell. A jury returned its verdict in favor of the Boutwells, and Auto Specialties appeals from the adverse judgment.
Auto Specialties contends that the trial court erred in allowing the Boutwells to adduce evidence of the occurrence of prior accidents in which similar hydraulic jacks manufactured by it exploded, and erred in giving the jury an instruction on the doctrine of res ipsa loquitur. The Boutwells contend that the trial court erred in granting Auto Specialties' motion for a directed verdict on their claim for punitive damages.
The character of negligence necessary to sustain an award of punitive damages must be of "a gross and flagrant character, evincing reckless disregard of human life, or of the safety of persons exposed to its dangerous effects, or there is that entire want of care which would raise the presumption of a conscious indifference to consequences, or which shows wantonness or recklessness, or a grossly careless disregard of the safety and welfare of the public, or that reckless indifference to the rights of others which is equivalent to an intentional violation of them." Cannon v. State, 91 Fla. 214, 107 So. 360 (1926).
The evidence in this case indicates that Auto Specialties was guilty of no more than simple negligence. The court correctly directed a verdict in favor of Auto Specialties on the Boutwells' claim for punitive damages.
The doctrine of res ipsa loquitur is available in products liability cases. It may be used when (1) the instrumentality involved was within the exclusive control of the defendant at the time of the act of negligence, both as to operation and inspection; (2) the injury was not the result of any voluntary action or contribution on the part of the plaintiff; and (3) the accident ordinarily would not have occurred had the defendant used due care. Holman v. Ford Motor Co., 239 So.2d 40 (Fla.App. 1st, 1970); Yarbrough v. Ball U-Drive System, 48 So.2d 82 (Fla. 1950).
Although the facts in this case were conflicting, the Boutwells were entitled to have the jury instructed on their theory of the case which included the doctrine of res ipsa loquitur. However, the court incorrectly instructed the jury.
The court did not give Florida Standard Jury Instruction 4.6 which is as follows:
"If you find that the circumstances of the occurrence were such that, in the ordinary course of events, it would not have happened in the absence of negligence, that the instrumentality causing an injury was in the exclusive control of the defendant at the time the negligent act or omission, if any, must have occurred and that the instrumentality, after leaving the defendant's control, was not improperly *293 used or handled by others or subjected to harmful forces or conditions, you may infer that the defendant was negligent unless, taking into consideration all of the evidence in the case, you conclude that the occurrence was not due to any negligence on the part of the defendant." (Emphasis added).
Instead, the court gave the following instruction:
"If you find that the circumstances of the occurrence was such that in the ordinary course of events it would not have happened in the absence of negligence, design, manufacture, construction or assembly and that the defect causing the injury existed at the time of the negligence, act or omission occurred, and that the instrumentality after leaving the control of Auto Specialties Manufacturing Company was not improperly used or handled by others or subjected to harmful forces or conditions, you may infer that the defendant, Auto Specialties Manufacturing Company was negligent." (Emphasis added).
The court failed to instruct the jury that for it to infer that Auto Specialties was negligent it had to find that the instrumentality causing the injury to Boutwell was within the exclusive control of Auto Specialties at the time the negligent act or omission, if any, must have occurred. In addition, the court failed to instruct the jury that if, after taking into consideration all of the evidence in the case, it concluded that the occurrence was not due to any negligence on the part of Auto Specialties, it could not infer negligence on the part of Auto Specialties. That part of the instruction given by the court, "design, manufacture, construction or assembly and that the defect causing the injury existed at the time of the negligence, act or omission occurred", was both legally incorrect and misleading. The court committed prejudical error.
Evidence of the occurrence of prior accidents is admissible only if it pertains to the use of the same type of equipment under substantially similar conditions. Railway Express Agency, Inc. v. Fulmer, 227 So.2d 870 (Fla. 1969).
In this case, all of the prior accidents involved jacks of the same model and type, the jacks exploded and tore apart in the same manner as the jack here, and they were caused by load loss and improper use. However, the evidence did not reveal the circumstances surrounding the prior accidents. Also the admission of the evidence raised collateral issues which only confused the issues in an already complicated case. The court erred in admitting the evidence. However, upon retrial, if adequate and proper evidence concerning the circumstances surrounding the prior accidents is adduced, the trial court may reconsider this issue.
The judgment is reversed and this case is remanded for a new trial.
RAWLS, Acting C.J., concurs.
SMITH, J., dissents.