347 So.2d 678 (1977)
U.S. LIABILITY INSURANCE COMPANY, Appellant,
v.
Annette De Maria BOVE, Appellee.
No. 76-707.
District Court of Appeal of Florida, Third District.
June 7, 1977.
Rehearing Denied July 27, 1977.
*679 Preddy, Haddad, Kutner, Hardy & Josephs and T.G. Anagnost, Miami, for appellant.
Fine & Brownstein, Miami, for appellee.
Blackwell, Walker, Gray, Powers, Flick & Hoehl, Miami, for National Ass'n of Independent Insurers as amicus curiae.
Before PEARSON, HAVERFIELD and HUBBART, JJ.
PER CURIAM.
Defendant insurance company appeals a final judgment awarding plaintiff $16,000 for loss of unscheduled personal property due to theft involving defendant's limits of liability under a homeowner's insurance policy.
On April 4, 1973 the residence of plaintiff, Annette De Maria Bove, was broken into and jewelry having a value in excess of $20,000 was stolen. At the time plaintiff had in force a homeowner's policy issued by the appellant, U.S. Liability Insurance Company, which covered loss due to theft of unscheduled property up to a total limit of $16,000. The policy also contained the following provision which is the subject matter of this action:
"2. Special Limits on Certain Property:
"a) ...
"b) Under coverage C, this company shall not be liable for loss in any one occurrence with respect to the following property for more than:
* * * * * *
"(4) $500 in the aggregate for loss by theft of jewelry, watches, necklaces, bracelets, gems, precious and semi-precious stones, gold, platinum and furs, including articles containing fur, which represents its principal value;"
* * * * * *
Plaintiff filed a proof of loss with the defendant reciting that "a burglary" occurred at her residence itemizing her losses in excess of $26,000 and demanding $16,000, the policy limit for unscheduled personal property. Defendant rejected this demand and refused to pay in excess of $500 pursuant to the terms of the policy set out above. Thereupon, plaintiff filed a complaint seeking recovery of $16,000. At trial plaintiff made the inference for the first time that possibly more than one theft had occurred on April 4 and the trial judge entered judgment for $16,000 in favor of the plaintiff based upon the following findings:

*680 "5) The evidence adduced clearly shows that the Plaintiff incurred losses of unscheduled personal property in excess of $16,000. The Plaintiff proved by competent evidence that the losses occurred by theft or thefts and that said theft or thefts occurred at her residence which was the residence covered under the policy in question ...
"6) The Plaintiff, having presented a prima facie case for full coverage, it is incumbent upon the Defendant insuror to show that there was a limitation or exclusion in the policy prohibiting the Plaintiff from recovering the full amount. The Defendant relies on the limitation in the policy which limits recovery for loss in any one occurrence to $500 in the aggregate for loss by theft of jewelry, watches, etc.
"7) The burden of demonstrating that an exclusion or limitation in the policy applies is on the Defendant insuror. The Defendant has failed to present any evidence showing that the loss in question resulted from one theft or occurrence. It is possible that the losses were occasioned by multiple thefts."
The court further found parenthetically that the words "$500 in the aggregate" must be interpreted to sustain the claim of indemnity and, therefore, must be construed as providing a $500 limit for jewelry generally, as well as a separate $500 limit for each of the individual sub-categories of jewelry enumerated thereunder. Defendant insurer appealed. We reverse.
Contrary to the finding of the trial court, the burden in this case is upon the plaintiff, not the defendant insurer to prove that the loss on April 4 was due to more than one theft.
A person seeking to recover on an insurance policy has the burden of proving a loss from causes within the terms of the policy and if such proof of loss is made within the contract of insurance, the burden is on the insurer to establish that the loss arose from a cause that is excepted from the policy. See Phoenix Insurance Company v. Branch, 234 So.2d 396 (Fla. 4th DCA 1970) and 18A Fla.Jur. Insurance §§ 988, 990 (1971).
There is no dispute between the parties that the theft is covered by the policy and defendant is not contending that plaintiff's loss arose from a cause that is excepted from the policy. The phrase "in any one occurrence" sets no limit to the number of losses which the insured may claim, but merely sets a limitation on the coverage as to each loss. Thus, the plaintiff had the burden of proving more than a single theft occurred on April 4. Further, plaintiff in her proof of loss and complaint alleged only a single theft and is bound by her own allegation. See Carvell v. Kinsey, 87 So.2d 577 (Fla. 1956).
The trial court erred in its "parenthetical" finding that subparagraph 2(b)(4) provides $500 coverage for jewelry generally, plus an additional $500 for each type of jewelry enumerated therein.
Where the language in insurance contract clauses is plain and unambiguous, no special construction or interpretation is required. Such language will be given that meaning which it clearly expresses. Valdes v. Prudence Mutual Casualty Company, 207 So.2d 312 (Fla. 3d DCA 1968). The subject provision clearly means $500 in the aggregate and cannot be interpreted any other way.
Accordingly, the judgment is reversed and the cause is remanded to the trial court to enter a new judgment in accordance herewith.
Reversed and remanded.