390 So.2d 1209 (1980)
Robert P. NESBITT and Government Employees Insurance Company, Appellants,
v.
AUTO-OWNERS INSURANCE COMPANY, Appellees.
No. 80-255.
District Court of Appeal of Florida, Fifth District.
November 12, 1980.
Rehearing Denied December 16, 1980.
*1210 Toby S. Monaco of Dell, Graham, Willcox, Barber, Ryals, Henderson & Monaco, P.A., Gainesville, for appellants.
Wayne C. McCall of Ayres, Cluster, Curry, McCall & Briggs, P.A., Ocala, for appellees.
DAUKSCH, Chief Judge.
This is an appeal from an order granting a new trial in a negligence case. It is also a cross-appeal from an order denying a motion "for judgment in accordance with motion for directed verdict." We reverse the order for new trial, affirm the order denying judgment for appellee and remand this matter to the trial court with directions to reinstate the jury verdict and enter judgment for appellant on the verdict.
The issue is whether the trial judge abused his discretion in granting the new trial. In reviewing orders granting new trials this court is bound to the standard that only upon a clear showing of abuse of discretion may such an order be reversed; and the burden which an appellant must carry to overturn such an order is greater than that required to reverse an order denying a new trial. Castlewood Int'l Corp. v. La Fleur, 322 So.2d 520, 524 (Fla. 1976); Cloud v. Fallis, 110 So.2d 669 (Fla. 1959). In reaching our decision to reverse the order we are mindful of that standard and we know about the better perspective the trial judge has when trial proceedings are involved. However, the reason this order for new trial was granted stems from the interpretation of words in a statute as compared to the standard jury instruction, and the wording of the special verdict form in this case. The reason for the awarding of the new trial was not because of critical evidentiary rulings, improper conduct of a trial participant or other matters which are commonly ones which require the use of discretion on the part of the judge whose decision is given the greatest of deference because of his unique position.
The reason the trial judge felt the jury had been misled by the instruction and the verdict form was because the instruction, and special verdict, were, he said, "contrary to section 768.31(2)(c)." We presume it was his determination the wording of the Standard Jury Instruction was not in sufficient *1211 conformity with the statute so as to properly explain the law to the jury.
The statute says:
768.31 Contribution among tortfeasors. 
(2) RIGHT TO CONTRIBUTION. 
(c) There is no right of contribution in favor of any tortfeasor who has intentionally (willfully or wantonly) caused or contributed to the injury or wrongful death.
The law of contribution among tortfeasors is statutory, unknown to the common law, and "is meant to apportion the responsibility to pay innocent injured third parties between or among those causing the injury." Paoli v. Shor, 345 So.2d 789 (Fla. 4th DCA 1977), affirmed 353 So.2d 825 (1978). Because the legislature created the law of contribution it sets the limits of its applicability and the quoted portion is meant to prevent an intentional tortfeasor from having others share the payment for injuries suffered as a result of his tortious conduct. This is true even if another tortfeasor participates in some way to cause the injury, as in this case.
The Special Verdict found the percentage of negligence attributable to appellant (who now seeks to have the verdict reinstated by this appeal) to be forty percent (40%) and that attributed to appellee's insured to be sixty percent (60%). The Special Verdict also posed the question "Did Earl I. Tillman[1] intentionally (willfully and wantonly) or with reckless indifference to the rights of others, cause or contribute to the injuries to Ethel Nesbitt?" The jury answered "yes" to this question and emphasized their conclusion by underlining the words "reckless indifference" and "rights of others." Apparently, it is the jury's having underlined those words which triggered the appellee's concern over the asserted deficient instruction and special verdict.[2]
The statute does not have the words "or with reckless indifference to the rights of others" as do the instruction and the verdict. Appellee, who succeeded in convincing the trial judge to grant a new trial, asserts these words add to the statutory limits and change the meaning of the statute. Appellee says that by adding those words, and because the jury emphasized them on the special verdict form, the appellee was wrongfully, and not in accordance with the statute, prevented from recovering the contribution it was due. Appellant argues the words "or with reckless indifference to the rights of others" are merely defining what conduct is legally included within the definition of "intentional." It is appellant's position, with which we agree, that willful or wanton conduct or conduct which displays a reckless indifference to the rights of others is tantamount to intentional conduct for the purposes of this statute. It is understandable there may be a lack of proof that a tortfeasor formed a specific intent to injure another, but his conduct may be of such a willful, wanton or reckless degree as to amount to the "intention" mentioned in the statute. In this case the evidence showed the appellee's insured was driving while under the influence of alcohol. Although that in itself may be dangerous or even reckless and come up to the standard intended by the statute and the jury instruction, it does not necessarily do so. It depends upon the facts of the case, the degree of the "influence" and that ultimately is a jury question. The jury decided the evidence was sufficient on this point and its decision should be affirmed.
In reaching our conclusion that the instruction and the verdict form were not so improper as to require, or allow, a new trial, we have considered various definitions of *1212 the respective words and those considerations led us to our conclusion.
The statute says "... intentionally (willfully or wantonly) ..." Black's Law Dictionary 1418 (5th ed. 1979) defines wanton as
Reckless, heedless, malicious; characterized by extreme recklessness or foolhardiness; recklessly disregardful of the rights or safety of others or of consequences. Means undisciplined, unruly, marked by arrogant recklessness of justice, feelings of others, or the like; willful and malicious. In its ordinarily accepted sense connotes perverseness exhibited by deliberate and uncalled for conduct, recklessness, disregardful of rights and an unjustifiable course of action. (cits. omitted).
It defines "wanton act" as
One done in reckless disregard of the rights of others evincing a reckless indifference to consequences to the life, or limb, or health, or reputation or property rights of another, and is more than negligence, more than gross negligence, and is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of action, equivalent in its results to wilful misconduct.
Id. at 1419. Various cases have defined the operative words in a manner consistent with our opinion here.[3]
It is our opinion the Standard Jury Instruction was an appropriate instruction for this case, applicable to its facts and a reasonable, not misleading, definition and explanation of the statute. The trial judge was correct in giving it and the special verdict form was appropriate so we must reverse the order appealed and remand the matter for judgment for the plaintiff.
REVERSED AND REMANDED.
ORFINGER and COBB, JJ., concur.
NOTES
[1] Appellee's insured.
[2] The first time of record the appellee raised the question of the instruction and the verdict form was in its motion for new trial but we are not going to hold appellee's failure to object of record against it because appellant's counsel quite graciously agreed that appellee did object sufficiently at trial even though it does not appear in the record. We shall accept that concession as putting the issue before us as we are permitted to do, within the intent of Rule 9.200(a)(2), Florida Rules of Appellate Procedure. Mr. Monaco is commended.
[3] See Ingram v. Pettit, 340 So.2d 922 (Fla. 1976); Carraway v. Revell, 116 So.2d 16 (Fla. 1959); Auto Specialties Mfg. Co. v. Boutwell, 335 So.2d 291 (Fla. 1st DCA 1976); Mendoza v. Farrell, 199 So.2d 750 (Fla. 3d DCA 1967).