BERANEK, Judge.
The defendant, insurance carrier, appeals a plaintiff’s judgment holding coverage applicable to the disappearance of an insured aircraft. Plaintiff/appellee was the corporate owner in a suit for the value of the aircraft. Plaintiff presented proof that a corporate officer had crashed the plane in the Atlantic Ocean on. October 24, 1978. The pilot (in a sworn statement given be *518 fore trial) stated he was immediately picked up by a passing boat but that he did not tell anyone about the accident until December 15, 1978. The pilot, who was an officer of the corporation, disappeared shortly after December 15, 1978, and neither he nor the plane has been seen since. Notice was first given to the insurance carrier on December 15, 1978, when it was advised of . the October 24, 1978, crash.
At a non-jury trial, the trial judge announced that he did not believe the evidence that the plane had been crashed into the ocean. This evidence was severely impeached and indeed plaintiff concedes it was perfectly proper for the trial court to disbelieve it. Notwithstanding rejection of the plaintiff’s evidence regarding a crash, the court apparently concluded there was coverage because the plane had in fact disappeared. The court relied upon the following policy provision:
Coverage G — All Risks While In Motion. To pay for direct and accidental loss of or damage to the aircraft, hereinafter called loss, occurring while the aircraft is in motion under its own power or the momentum generated therefrom, or while the aircraft engine is operating, including fire or explosion caused by or resulting from collision of the aircraft with any object arid including disappearance if the aircraft is missing and not located for sixty (60) days after takeoff.
We reverse. The above coverage applied to the aircraft while in motion. In the instant case, there was absolutely no proof which was accepted by the trial court that anything happened to the aircraft while in motion. Plaintiff contends the airplane disappeared and that Coverage G thus applies. We disagree and hold the absence of evidence regarding a takeoff to be fatal to the claimed coverage. Here, at best, plaintiff proved that the whereabouts of the plane were unknown. In the absence of proof of takeoff or that the plane was in motion, plaintiff simply failed to prove a risk within the coverage stated above. See Phoenix Insurance Company v. Branch, 234 So.2d 396 (Fla. 4th DCA 1970). The judgment below is reversed and the cause remanded for entry of a judgment for the defendant.
REVERSED AND REMANDED.
LETTS, C. J., and MOORE, J., concur.