422 So.2d 332 (1982)
APPALACHIAN INSURANCE COMPANY, an Insurance Company Authorized to Do Business in the State of Florida, Appellant,
v.
UNITED POSTAL SAVINGS ASSOCIATION, a Missouri Corporation, Appellee.
No. 81-1296.
District Court of Appeal of Florida, Third District.
October 26, 1982.
Rehearing Denied December 16, 1982.
Ligman, Martin, Shiley & McGee, Coral Gables, Jeanne Heyward, Miami, for appellant.
Herbert A. Warren, Miami, Sibley, Giblin, Levenson & Glasser, Miami Beach, for appellee.
Before NESBITT, BASKIN and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
United Postal Savings Association sued Appalachian Insurance Company, its property insurer, to recover more than a quarter of a million dollars plus interest, costs and attorneys' fees for damages to United Postal's shopping center arising from vandalism and theft. The insured alleged that the vandalism and theft occurred in the approximate four-month period between April 1 and August 3, 1978. The policy of insurance issued by Appalachian provided that United Postal was not entitled to recover under the policy unless its damages from a theft or an act of vandalism exceeded the deductible amount of $1,000. The trial court instructed the jury that it was the insured's burden to establish that any claim exceeding $1,000 was attributable to a single occurrence of theft or vandalism. The jury, apparently finding, as most certainly the evidence would have permitted it to do, that no single act of theft or vandalism caused a loss in excess of $1,000, returned a verdict for Appalachian. Deciding that its instruction erroneously placed the burden on the insured rather than the insurer, the trial court granted United Postal's motion for new trial. The insurance company appeals.
Initially, if the trial court's instruction to the jury was correct in the first instance, the grant of a new trial, based only on the perceived impropriety of the instruction, was error. We need not indulge, or defer to, the trial court's superior vantage point where all that is at stake is the propriety of a legal ruling, and the appellant need make no special showing to overturn the new trial *333 order. Nesbitt v. Auto-Owners Insurance Company, 390 So.2d 1209 (Fla. 5th DCA 1980).[1]
The insured, primarily relying on Phoenix Insurance Co. v. Branch, 234 So.2d 396 (Fla. 4th DCA 1970), and Jewelers Mutual Insurance Co. v. Balogh, 272 F.2d 889 (5th Cir.1959), says that the burden was the insurer's, the jury instruction was incorrect, and the new trial was properly granted. However, the concern of both Phoenix and Jewelers Mutual was whether the insured had the burden to negative exceptions to an all-risk policy, or the insurer had the burden to bring itself within an exception. The rationale for placing this particular burden on the insurer was explained in Jewelers Mutual:
"If the insurer's contention is sound, then as a condition precedent to liability, the assured would have to establish by a preponderance the negative of each of these manifold exceptions. Were he required to exhaust the gamut of these provisions what had been purchased and sold as all risks insurance would turn out to be something else. Instead of the policy affording coverage against all causes of damage except those specifically excluded, it would amount only to a named perils cover since the assured to negative the exception would have to establish for this case an actual theft or some other such event not specifically excluded." 272 F.2d at 892.
In our view, this rationale is applicable only where what is at issue is the risk insured against in an all-risk policy. Where, as here, the issue is not the risk, but the application of a deductible, then the fact that the instant policy happens to be an all-risk policy is totally immaterial.
The question, then, is where the insurer does not contend that the loss arose from a cause that is excepted from the policy, and indeed, as here, concedes that the type of loss is covered, whose burden is it to show that the loss exceeds the deductible amount? We believe this court answered this question in U.S. Liability Insurance Company v. Bove, 347 So.2d 678 (Fla.3d DCA 1977). In Bove, the insured claimed a loss due to theft of jewelry to the policy limits of $16,000. The policy contained a further provision that the insurer shall not be liable for such a loss "in any one occurrence" for more than $500. The trial court placed the burden on the insurance company to show that the loss was attributable to one occurrence. Finding that the insurer failed to satisfy the burden, the trial court entered judgment for the insured. This court reversed. While acknowledging the correctness of the rule of Phoenix Insurance Co. v. Branch, supra,[2] that "the burden is on the insurer to establish that the loss arose from a cause that is excepted from the policy," the court distinguished the issue in Phoenix from the one under consideration:
"There is no dispute between the parties that the theft is covered by the policy and defendant is not contending that plaintiff's loss arose from a cause that is excepted from the policy. The phrase `in any one occurrence' sets no limit to the number of losses which the insured may claim, but merely sets a limitation on the coverage as to each loss. Thus, the plaintiff had the burden of proving more than a single theft occurred on April 4." U.S. Liability Insurance Company v. Bove, 347 So.2d at 680.
Similarly, where, as here, recovery under the policy is limited to a loss from a single occurrence of theft or vandalism resulting in excess of $1,000 in damages, it is the insured's burden to prove that any single *334 theft or act of vandalism resulted in such a loss. See also Evans v. Pacific National Fire Insurance Company, 367 S.W.2d 85 (Tex.Civ.App. 1963) (a deductible provision, being as much a basic part of the policy as the provision which sets the maximum amount of money recoverable under the policy, is not an affirmative defense which must be proved by the insurer).[3]
Accordingly, we reverse the order granting a new trial and remand the cause with directions to reinstate the jury verdict in favor of Appalachian and enter judgment thereon.
BASKIN, Judge (dissenting).
In its Order Granting New Trial, the trial court stated as its reasons:
THIS CAUSE is before the Court upon the Plaintiff's Motion for New Trial, as amended. The Court has carefully reviewed the Motion and the legal memoranda submitted by the parties and has reviewed the Court's charge to the jury. The Court finds that it was in error in refusing Plaintiff's request that the jury be instructed that the burden of proof is upon the Defendant to prove to what extent its liability is reduced by virtue of the application of the deductible clause under the policy of insurance issued by the Defendant. The Court further finds that the Court was in error in instructing the jury that the burden of proof is solely on the Plaintiff to prove its claim by the greater weight of the evidence. The Court further finds that the jury was misled or confused and that the Plaintiff did not receive a fair trial by virtue of such erroneous instructions. Therefore, in the exercise of this Court's discretion, and in accordance with the law as set forth in Castlewood International Corporation v. LaFleur, 322 So.2d 520 (3d DCA 1975) [sic]; Cloud v. Fallis, 110 So.2d 669 (Fla. 1959)... .
A trial judge acts within his wide discretion in granting a new trial when he believes his instructions to the jury were incorrect. Martinique Hotel v. Taylor, 139 So.2d 916 (Fla. 3d DCA 1962). The granting of a new trial can be overturned only by a showing of a clear abuse of discretion. Castlewood International Corp. v. LaFleur, 322 So.2d 520 (Fla. 1975).
It is clear that, under an all-risks policy, an insured must prove a loss within the terms of the policy. The insurer must then prove an exception to the loss. Phoenix Insurance Co. v. Branch, 234 So.2d 396 (Fla. 4th DCA 1970). Concerning the appropriate burdens of proof, the court, in Jewelers Mutual Insurance Co. v. Balogh, 272 F.2d 889 (5th Cir.1959), stated:
There was a loss, and it was established by positive evidence. The assured did not have to go further to demonstrate that such loss was not caused by one of the excepted conditions. To escape the broad undertaking of this comprehensive cover, the insurer had the burden of establishing that. (citation omitted).
Id. at 892. That principle applies to these proceedings. See 31 Fla.Jur.2d, Insurance § 996 (1981).
While technically a deductibility clause may not be an exception to insurance coverage or an exclusion therefrom, inasmuch as it too functions as a limitation on the liability of the insurer, it must be treated the same as other limitations. (citations omitted).
Beaumont-Gribin-Van Dyl Management Co. v. California Union Insurance Co., 63 Cal. App.3d 617, 624, 134 Cal. Rptr. 25, 27 (1976).
*335 Appellee established a loss of $266,159.23 between April 1 and August 3, a period of 125 days. Assuming an "occurrence" of theft or vandalism of once (or even twice) a day, appellee proved a loss within the policy, shifting the burden of limiting liability to the insurer. The trial court correctly recognized that the instructions failed to apprise the jury of the correct burdens of proof. The grant of a new trial was the appropriate means of remedying the defect. Appellant, having shown no abuse of discretion by the trial court, is entitled to no relief.
I would affirm.
NOTES
[1] In Nesbitt, the court reversed an order granting a new trial where the reason for the grant was the trial court's mistaken view that it had incorrectly instructed the jury "not because of critical evidentiary rulings, improper conduct of a trial participant or other matters which are commonly ones which require the use of discretion on the part of the judge whose decision [in such instances] is given the greatest of deference because of his unique position." 390 So.2d at 1210.
[2] Phoenix relied on Jewelers Mutual Insurance Co. v. Balogh, supra, which for the reasons stated does not apply to the present case.
[3] Beaumont-Gribin-Von Dyl Management Co. v. California Union Insurance Co., 63 Cal. App.3d 617, 134 Cal. Rptr. 25 (1977), relied on by the insured, contains a statement, the thrust of which is that a deductibility clause must be treated as any other limitation in the policy. The context of that statement is, however, that ambiguities, wherever they appear in an insurance policy, will be construed against the insurer. The issue in that case was "whether the word `claim' meant the individual claim of each person harmed by the insured's act, error, or omission or, the insured's claim against the insurer for the total liability incurred by reason of a single act, error, or omission on its part." (emphasis in original). That is hardly the issue in the present case.