PER CURIAM.
The plaintiff was injured in 1979 when the ladder he was using slipped while being used contrary to the instructions on the label, (which the plaintiff admitted he did not read). The ladder was manufactured by the defendant in 1973.
The jury returned a verdict finding that the ladder was not defective when it left the defendant’s plant. The jury verdict also found that the plaintiff was 75% negligent and the defendant 25% negligent and awarded the plaintiff $10,000.00 compensatory damages and $60,000.00 punitive damages. Even though the verdict may have been inconsistent, no objection was made in the trial court as to the inconsistency and no error has been preserved in this regard. Keller Industries, Inc., v. Morgart, 412 So.2d 950 (Fla. 5th DCA 1982); Robbins v. Graham, 404 So.2d 769 (Fla. 4th DCA 1981); Tidwell v. Toca, 362 So.2d 85 (Fla. 3d DCA 1978).
We find no basis in this record to support the award of punitive damages. There is no evidence that the defendant acted in any manner to demonstrate a willful and wanton disregard for the safety of prospective users of the ladder. American Motors Corporation v. Ellis, 403 So.2d 459 (Fla. 5th DCA 1981); Auto Specialties Manufacturing Company v. Boutwell, 335 So.2d 291 (Fla. 1st DCA 1976).
Therefore, the final judgment under review is affirmed as to the award of $10,-000.00 compensatory damages but reversed as to the $60,000.00 award of punitive damages.
Affirmed in part, reversed in part.