494 So.2d 288 (1986)
The EXHIBITOR, INC., Appellant,
v.
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Appellee.
No. BI-299.
District Court of Appeal of Florida, First District.
September 18, 1986.
Leonard E. Ireland, Jr. of Clayton, Johnston, Quincey, Ireland, Felder & Gadd, Gainesville, for appellant.
Bob G. Freemon, Jr. and Louis Schulman of Butler, Burnette & Freemon, Tampa, for appellee.
BARFIELD, Judge.
This is an appeal of an order under Florida Rule of Civil Procedure 1.420(b), dismissing with prejudice The Exhibitor's complaint after the close of its case in a non-jury trial. We find dismissal at that stage of the proceedings to have been in error and reverse.
Appellant owned a customized tractortrailer rig from which riding apparel and other merchandise was sold to horse fanciers at various equestrian events. The trailer had a side door secured by a keyed dead bolt and two rear doors secured with padlocks. Appellant's employee Jim Nelson had the only key to the rear door locks. In early June 1984, the rig was stolen from an Ocala truck stop where it had been parked for a few days. According to Nelson, all doors were appropriately locked.
Three weeks later, the rig was located in Hillsborough County. The contents of the trailer were gone. The padlocks on the rear doors were missing and never found. There was no physical evidence of force being used to gain entry to the trailer. The cab had been entered and electronic equipment ripped out, but without evidence of a forcible entry to the cab.
Nationwide Mutual failed to pay Exhibitor's claim for losses of $104,000 from the theft under its policy with Nationwide. When it was subsequently sued, Nationwide raised as an affirmative defense the policy provision that stated "[n]o claim for loss or damage shall be valid unless there shall be visible evidence of forcible entry."[1]
*289 The trial judge relied on this exclusion in dismissing the complaint when appellant was unable to show that there were visible, physical marks on the trailer or the missing locks to demonstrate a forcible entry had been made to the trailer.
However, such a ruling misplaces the burden of proof in such a case. In a suit to recover under an insurance policy, the insured must prove that the loss did occur and that it was within the coverage of the policy. The burden is then on the insurer to show that the loss was due to a cause that was excepted from the policy. U.S. Liability Insurance Co. v. Bove, 347 So.2d 678 (Fla. 3d DCA 1977).
Here, Exhibitor established a prima facie case for recovery under the instant policy. It was incumbent upon Nationwide to establish that the loss was not covered due to the exclusion in the policy or to one of its other affirmative defenses.
Nationwide relies on a series of cases involving safe burglaries in which coverage for losses was denied as the insured failed to show that physical or visible marks of forcible entry by various tools or devices were present on the safes. See Moore v. General Casualty Co., 91 So.2d 341 (Fla. 1956); Rosie O'Grady's Warehouse, Inc. v. Charter Oak Fire Insurance Co., 319 So.2d 632 (Fla. 1st DCA 1975). However, those cases are distinguishable. First, the language of the policies in those cases made the presence of such visible physical marks a precondition to recovery under the policy. Further, and more importantly, the "safe burglary" policies in those cases were more exacting in defining the type of evidence of forcible entry required before the insured could recover.
Here, the evidence was that the padlocks securing the rear doors were in place and locked before the theft of the tractor trailer. The only key to the locks was in the possession of the driver. The locks were missing and never found when the empty trailer was found. The only reasonable conclusion from this evidence is that the locks were forcibly removed. The missing locks were therefore visible evidence of forcible entry under the terms of this policy.
The burden is on Nationwide as the insurer to offer evidence to rebut the insured's prima facie case for recovery or to offer evidence supporting its affirmative defenses. Therefore, the order dismissing the complaint under Florida Rule of Civil Procedure 1.420(b) is REVERSED. The case is REMANDED for further proceedings consistent with this opinion.
SHIVERS and ZEHMER, JJ., concur.
NOTES
[1] The policy provision stated:

9. THIS POLICY DOES NOT INSURE ... (f) Loss or damage by theft unless the described or substituted vehicles are equipped with entirely enclosed bodies of good construction and provided with suitable locks... . No claim for loss or damage by theft shall be valid unless there shall be visible evidence of forcible entry;