958 So.2d 505 (2007)
DIGITAL MEDICAL DIAGNOSTICS a/a/o Jesus Gaber, Miriam Gaber, and Lidice Soto, Petitioners,
v.
UNITED AUTOMOBILE INSURANCE COMPANY, a Florida corporation, Respondent.
No. 3D06-3097.
District Court of Appeal of Florida, Third District.
May 30, 2007.
*506 Stephens, Lynn, Klein and Marlene S. Reiss, Miami, for petitioners.
Michael J. Neimand, Miami, for respondent.
Before RAMIREZ, SUAREZ, and CORTIÑAS, JJ.
SUAREZ, J.
Petitioners, Digital Medical Diagnostics a/a/o Jesus Gaber, Miriam Gaber, and Lidice Soto ("Digital"), by petition for writ of certiorari, seek review of a decision of the circuit court of Miami-Dade County in its appellate capacity reversing an order of the county court granting final judgment to Digital in three cases. We deny the petition for writ of certiorari.
The county court claims arise out of three consolidated cases. In each case, it was alleged that Digital, a healthcare provider, had rendered medical care to each of the above-named United Automobile Insurance Company ("UAIC") insureds for injuries arising out of automobile accidents. Digital took an assignment from each insured and submitted a bill to UAIC for medical services rendered. When UAIC did not pay, Digital filed three lawsuits and the cases were consolidated. After four years of litigation, UAIC filed a motion for summary judgment claiming it had no duty to pay any of the three bills as, in each case, the individual bill fell below the insured's deductible. The trial court denied the summary judgment stating that UAIC had waived the deductible defense as it had failed to raise the deductible issue as an affirmative defense. The parties had agreed that each bill was reasonable, related and necessary. Digital then filed a motion for summary judgment in each case which was granted and final judgment was entered.
UAIC filed an appeal in the appellate division of the circuit court. The circuit court reversed the summary judgments finding that the application of the deductible provision of a policy of insurance, as a matter of law, is not an affirmative defense which must be pled affirmatively and, therefore, had not been waived by UAIC. The circuit court also found that the evidence showed the medical bills for each insured fell below the PIP policy deductible. Therefore, UAIC had not breached the contracts of insurance. Digital then petitioned this court for a writ of certiorari.
*507 The standard of review when a district court of appeal reviews by writ of certiorari a decision of a circuit court sitting in its appellate capacity is very narrow. The district court of appeal reviews the decision to determine whether the parties received due process of law and whether the circuit court applied the correct law. See Miami-Dade County v. Omnipoint Holdings, Inc., 863 So.2d 195 (Fla.2003). The question presented in this case solely is whether the correct law was applied.
The appellate division of the circuit court was correct in reversing the final summary judgments. The application of the deductible provision in a policy of insurance is not a defense which must be raised as an affirmative defense but is, in fact, a basic part of the policy of insurance. See Appalachian Ins. Co. v. United Postal Sav. Ass'n, 422 So.2d 332, 334 (Fla. 3d DCA 1982)("a deductible provision, being as much a basic part of the policy as the provision which sets the maximum amount of money recoverable under the policy, is not an affirmative defense which must be proved by the insurer").
The appellate division of the circuit court also found there was no issue of material fact that each of the medical bills fell below the policy deductible. The question, once again for this court, is whether the circuit court applied the correct law. The correct law is whether there is an issue of material fact. This was the standard used by the circuit court. As such we affirm the circuit court's decision.
Petition for writ of certiorari is denied.