NATIONWIDE INSURANCE
COMPANY, Appellant,

v.

Edward L. WARREN and Roberta Jo
Warren, His Wife, Appellees.

Court of Appeals of Kentucky.

Sept. 14, 1984.

William P. Emrick, McKenzie, Woolery & Emrick, P.S.C., Ashland, for appellant.

Thomas M. Howe, Ashland, for appellees.

Before COOPER, HOWERTON and LESTER, JJ.

LESTER, Judge.

This is an appeal from a judgment construing the provisions of a homeowner's policy of insurance for property damage adversely to the carrier.

Appellees entered into a contract with appellant for certain insurance coverages on their home (homeowner's policy) which provided for payment in the event of certain property damage while excluding other types of loss. On an extremely cold night in January, 1982, snow and ice accumulated on the roof of the Warren home exerting a pressure which caused the guttering to separate from the side of the house. As a result thereof, water ran down the side of the house into the ground next to the block foundation. With the drop in temperature, the liquid turned to ice creating a thermal expansion process which cracked the foundation. The carrier denied coverage of the damage based upon two exclusions in the policy, the first of which provided in part:

THIS POLICY DOES NOT INSURE UNDER EITHER PART I OR PART II, AGAINST LOSS RESULTING from:

8. Any of the following perils ... (d) water below the surface of the ground, including that which exerts pressure on or flows, seeps or leaks through sidewalks, driveways, foundations, walk, basement or other floors ....

and Section 9 which we set forth in its entirety:

9. Any of the following, except direct loss by fire, smoke, explosion, collapse of buildings, water damage, or glass breakage constituting a part of the building, resulting therefrom: (a) birds, domestic animals, termites and other insects, or vermin: (b) wear and tear, deterioration, inherent vice, rust or mechanical breakdown; (c) wet or dry rot, or mould; (d) settling, cracking, shrinkage, bulging, or expansion of pavements, patios, foundations, walls, floors, ceilings or roofs.

We also note that Section 10 (in toto) provides coverage for:

Weight of Ice, Snow or Sleet

The trial court concluded its findings of fact with:

If the weight of ice or snow caused the roof drainage to break down which set off a chain effect to damage the basement wall, then it would be covered. If the water ran down the side of the building and the weight of the water freezing caused the wall to collapse, it would be covered under section 9. Apparently, ice brought about the damage to the building. As everyone knows, ice is water which is frozen and which expands and exerts pressure. This is apparently what happened in the case before the Court. The report from Poage Engineering Company states that the damage was caused by the water which became ice which expanded and put pressure on the basement wall...,

and the single conclusion of law:

In cases of interpretation of insurance coverage, the Court should consider all possible facts and resolve any question of coverage in favor of the insured where there is ambiguity as to the interpretation of coverage.

■ Upon appeal, the carrier urges that Section 8 of the exclusions, *supra*, would, standing alone, deny the coverage. We find no case factually in point in this jurisdiction, but in a reported Georgia decision, *Broome v. Allstate Insurance Co.*, 144 Ga. 318, 241 S.E.2d 34 (1977), where the exclusionary clause for loss caused by:

... water below the surface of the ground including that which exerts pressure on or flows, seeps, or leaks through foundations, walk, or basement ...

was construed to apply only to natural flooding as opposed to flooding caused by a leak in a swing joint. In the case at bar, we believe it more logical to consider "water below the surface of the ground" as meaning such things as underground streams, springs or natural deposits of liquid which are undetectable and any dam-

age that they may cause as unforeseeable. Section 8 avails nothing to appellant.

Section 9 does provide coverage to direct loss by water damage while subsection d says nothing about settling, cracking, shrinkage, etc. as might be caused by water. When we consider that appellees were covered for the loss incurred by the weight of the snow pushing the gutters away from the edge of the roof by Section 10, and that it is foreseeable that the water normally collected therein had to drain off in a downward flow, it is most feasible that it would run down the side of the house to the ground and thence continue to drop along the foundation.

Nationwide sold the Warrens an "Elite Homeowners Policy" affording "all risk coverage." This is what appellees thought they were getting and the trial court so found. We agree in that conclusion since it merely supports our longstanding principle that if any ambiguity exists as to the interpretation of insurance coverage, it should be resolved in favor of the insured. *Foster v. Allstate Insurance Co.,* Ky.App., 637 S.W.2d 655 (1981).

The judgment is affirmed.

All concur.