OPINION OF THE COURT
Julian F. Kubiniec, J.
Defendant, Hartford Insurance Group, by notice of motion seeks summary judgment declaring, as a matter of law, that specific exclusions in the multiperil policy of liability insurance issued to plaintiff, Holy Angels Academy, operate to deny coverage to plaintiff. Plaintiff cross-moves for similar relief finding defendant to be obligated to provide insurance coverage.
Plaintiff’s underlying complaint seeks recovery for property damage to plaintiff’s school and convent buildings resulting from extensive cracking and separation of walls and ceilings occurring since May 1980. As evidenced by submitted expert evaluations, both parties acknowledge that this problem can be directly related to blasting and “dewatering” of subterranean earth beneath plaintiff’s property occasioned by construction of the Light Rail Rapid Transit Subway System under Main Street, Buffalo, New York.
This court is asked to interpret two exclusions set forth in the general peril coverage, namely:
*1025 “VI. Exclusions
“This policy does not insure under this form against:
“D. Loss caused by, resulting from, contributed or aggravated by any of the following:
“1. Earth movement, including but not limited to earthquake, landslide, mudflow, earth sinking, earth rising, or shifting” (emphasis added).
And
“E. Loss caused by:
“1. Wear and tear, deterioration, rust or corrosion, mold, wet or dry rot; inherent or latent defect; smog, vapor or gas from agricultural or industrial operations; mechanical breakdown, including rupture or bursting caused by centrifugal force; settling, cracking, shrinkage, bulging or expansion of pavements, foundations, walls, floors, roofs and ceilings; animals, birds, vermin, termites or other insects; unless loss by a peril not otherwise excluded ensues and then the Company shall be liable for only such ensuing loss” (emphasis added).
Defendant maintains that the language of the exclusion barring any coverage resulting from “earth movement”, “settling” or “cracking” is clear and unambiguous, falling squarely within the acknowledged operative facts of plaintiff’s loss.
This court is unable to so conclude, but rather, agrees with plaintiff’s contention that these words must be read in context with those that surround them (ejusdem generis) and, therefore, are limited in application to natural phenomena.
Upon review, this court finds that it is not unreasonable for an ordinary individual reading the policy language: “Earth movement, including but not limited to earthquake, landslide, mudflow, earth sinking, earth rising, or shifting” to conclude that this exclusion was designed and intended to remove from coverage, property damage occurring from such natural causes as earthquakes, landslides and mudflows; or to conclude that the policy language “settling, cracking” contained in a paragraph beginning “Loss caused by: wear and tear” was limited in meaning to the gradual sinking of a building from the yielding of the ground under its foundation or by the natural constriction and expansion of its construction materials. In both instances the policyholder is merely limiting the exclusionary clauses to those same general kind and class of perils as enumerated in companion language.
In so holding we note, therefore, that defendant has not established that its interpretation is the only one that can fairly *1026 be applied to the policy language and, accordingly, we must resolve the ambiguity in meaning in favor of the insured. (See, Sincoff v Liberty Mut. Fire Ins, Co., 11 NY2d 386 [1962]; Hartol Prods. Corp. v Prudential Ins. Co., 290 NY 44 [1943].)
Similar exclusionary language has been the subject of judicial interpretation in several other jurisdictions with but one court finding it to be unambiguous. (See, Stewart v Preferred Fire Ins. Co., 206 Kan 247,_,_[1970]; but also, see, Barash v Insurance Co. of N. Am., 114 Misc 2d 325 [1982]; Wyatt v Northwestern Mut. Ins. Co., 304 F Supp 781 [US Dist Ct, Minn 1969]; Sauer v General Ins. Co., 225 Cal App 2d 275, 37 Cal Rptr 303 [1964]; Shaffer v Phoenix Ins. Co., 21 Pa D & C 2d 79 [1959].) While defendant’s contention that any earth movement and/or any settling and cracking is sufficient to trigger the policy exclusion, these latter cases employ the more limited construction noted herein and which this court believes is a more reasonable reading of this exclusionary language.
The plaintiff herein has sustained significant property damage directly attributable to an obvious efficient cause other than that of an extraordinary natural phenomena (earthquake), or an ordinary natural occurrence (settling), either of which would cause such widespread damage to so large a number of policyholders as would otherwise destroy the probabilities upon which insurance companies operate and for which a policy exclusion would be expected. As a matter of law, plaintiff is entitled to seek the coverage of its multiperil policy without application of these exclusions.
Accordingly, the defendant is not exempt from liability for so much of plaintiff’s damages as are found to be proximately caused by the nearby construction of the underground portion of Buffalo’s Light Rail Rapid Transit System.
Defendant’s motion for summary judgment is denied and plaintiff’s cross motion is granted.