OAK TREE, INC., and Gateway
Houses, a division of Oak
Tree, Inc., Plaintiffs,

v.

COMMERCIAL UNION INSURANCE
COMPANY, a foreign insurance
corporation, Defendant.

Civ. A. No. 88–73677.

United States District Court,
E.D. Michigan, S.D.

Sept. 18, 1989.

Richard L. Kralick, Hammond, Baker &
Kralick, Adrian, Mich., for plaintiffs.

Charles C. Cheatham, MacArthur, Cheatham, Acker & Smith, Detroit, Mich., for defendant.

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

FEIKENS, District Judge.

### I. *Background*

Plaintiff, a building construction contractor, commenced the construction of a building in Washtenaw County, Michigan. Early in 1988 a county building inspector noted "numerous cracks in the basement walls and garage walls" and that "footings for [the garage] at jumps have settled." Plaintiff corrected the defects and now sues to recover its losses under an insurance policy it has with defendant.

Plaintiff's consulting engineer, Kenneth J. Winters, is prepared to testify that "cracks [in the foundation walls] appear to be caused by heave and settlement of the ground below the wall footings," and that "the ground was frozen." In a deposition he stated that "when the ground becomes frozen, it expands because the water thats [sic] between the particles of earth form ice and that will push up anything thats [sic] on top of it if there is not enough weight on that whatever is on top of it to force—keep it from going up." Deposition of Kenneth J. Winters, Feb. 27, 1989.

### II. *Defendant's Motion for Summary Judgment*

Defendant contends that its policy excludes coverage for this loss. It cites three sections of the policy:

*EXCLUSIONS*

We do not insure against "loss" caused or resulting from:

15. Subsidence, settling, cracking, shrinkage or expansion of walls, pavements, foundations, floors, roofs or ceiling, unless "loss" by a peril not otherwise excluded results and then "we" will only pay for such resulting "loss".

．　　．　　．　　．　　．

19. Earthquake, volcanic action, mudflow, earth sinking, earth rising or shifting, landslide or other earth movement unless fire or explosion results, and then "we" will only pay for the "loss" caused by such fire or explosion....

20. A....

B....

C. Water below the surface of the ground including that which exerts pressure on or flows, seeps or leaks through sidewalks, foundations, walls, basement or other floors, doors, windows or any other openings.

Plaintiff responds that the exclusion language is ambiguous, but this contention is not tenable. The policy language is clear.

Plaintiff contends that the exclusions do not apply to the facts in this case. The facts themselves are not in dispute, and there appears to be no material issue regarding them. Viewing these facts in a light most favorable to plaintiff it appears that rain water ran into the footings around the basement walls during construction and then froze, causing the ground to heave and the walls to crack. Plaintiff places its principal emphasis on evidence that the ground heaved, that the damage was caused by the heaving, and that what settlement there was of the footings came after the heaving, and thus exclusion 15 does not apply. Plaintiff also contends that exclusions 19 and 20 are not applicable, citing cases hereinafter discussed.

The exclusions when taken together support defendant's motion for summary judgment. Exclusion 19 clearly states that any kind of ground movement—sinking, rising or shifting—which causes loss is not covered. Exclusion 20 clearly says that water below the ground surface which exerts pressure on foundations or walls is not covered. Water is still water—even though it is in frozen form and exerts pressure causing the ground to heave and the walls to crack. Exclusion 15 rounds out the intention of the parties that if there is subsidence or settling, there is no liability. Furthermore, the exclusions clearly indicate that cracking of the foundation walls when caused by natural forces is not covered.

This case is here by reason of diversity of the parties and thus Michigan law is controlling. I find no applicable Michigan case law relative to the quoted exclusion language. The cases cited by plaintiff are not on point. In the cases cited, damage was either caused by unforeseeable third-party acts or omissions, and/or was recoverable under an explicit coverage provision. *Phoenix Ins. Co. v. Branch*, 234 So.2d 396 (Fla.Dist.Ct.App.1970) (nearby blasting); *Holy Angels Academy v. Hartford Ins. Group*, 127 Misc.2d 1024, 487 N.Y.S.2d 1005 (Sup.Ct.1985) (nearby blasting); *Hartford Accident & Indem. Co. v. Phelps*, 294 So.2d 362 (Fla.Dist.Ct.App.1974) (leaking plumbing; specifically covered); *New Hampshire Ins. Co. v. Robertson*, 352 So.2d 1307 (Miss.1977) (leaking plumbing; specifically covered); *Nationwide v. Warren*, 675 S.W.2d 402 (Ky.Ct.App.1984) (gutter failure under weight of snow and ice; specifically covered); *Ariston Airline & Catering Supply Co. v. Forbes*, 211 N.J. Super. 472, 511 A.2d 1278 (Law Div.1986) (design and construction defects; specifically covered under one of two policies).

Therefore, Defendant's Motion for Summary Judgment is GRANTED. IT IS SO ORDERED.