*1005 OPINION OF THE COURT
James C. Tormey III, J.
The plaintiff has brought a motion for partial summary-judgment, which in principle part requests the court to find that the damage sustained by the frost heave is a covered event under the provisions of the builder’s risk insurance policy. Defendant Douglas Company has presented a cross motion joining the relief requested by the plaintiff. Defendant Commercial Union has made a cross motion for summary judgment for dismissal of the complaint. All parties agree that contractual interpretation of the insurance policy is the primary issue presented. The issue of whether damages incurred by a frost heave is a covered or excluded loss under this type of policy is a case of first impression in this State.
When reviewing an insurance policy the court is guided by certain standards of contract interpretation. The insurance company has the burden of proof to establish that the claimed loss is an excluded event within the policy (Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 311 [1984]; Marino v New York Tel. Co., 944 F2d 109, 112 [2d Cir 1991]). The court shall strictly and narrowly construe any exclusion (Cone v Nationwide Mut. Fire Ins. Co., 75 NY2d 747, 749 [1989]) while utilizing plain and common meanings to the contested words of the policy (Commissioners of State Ins. Fund v Insurance Co., 80 NY2d 992, 994 [1992]; Johnson v Home Indem Co., 196 AD2d 627, 628 [2d Dept 1993]). Any doubt or ambiguity as to the intent of the policy will inure to the benefit of the insured (Kula v State Farm Fire & Cas. Co., 212 AD2d 16 [4th Dept 1995]).
Herein, all parties agree that "frost” and "heaving”, otherwise known as a "frost heave” (as all counsel agreed at Motion Term upon questioning by the court),* was the operative cause of the damage. The damage occurred in February 1994, and notification of a claim was forwarded to Commercial Union. Plaintiff recites that, upon investigation by architect *1006 Newton Wiley, Jr., it was discovered that the ground below the concrete floor was frozen for 8 to 10 inches. After notification and investigation, Commercial Union denied coverage. Plaintiff commenced an action which, in part, challenges the validity of the denial of coverage.
A frost heave is a common event in the Northeast. As defined in Merriam-Webster’s Collegiate Dictionary 469 (10th ed 1993), it is "an upthrust of ground or pavement caused by freezing of moist soil”. (See also, Oxford English Dictionary 221, vol VI [2d ed 1989] [an "uplift of soil surface caused by expansion of water beneath the surface on freezing”]; American Heritage Dictionary 536 [2d coll ed 1991] ["an uplifting of a surface, such as pavement or soil, caused by freezing beneath the surface”].) The court adopts these definitions, and from these definitions the court must weigh the strength of Commercial Union’s denial of policy coverage.
Commercial Union underwrote an "all risk” builders’ risk policy. Contained therein are exclusions to limit the types of risk that the insurer accepted on behalf of the insured. Herein, the insurer justifies its denial of coverage on three clauses of the policy. These are:
"V. EXCLUSIONS
" 'We’ do not insure against 'loss’ caused by or resulting from * * *
"15. Subsidence, settling, cracking, shrinkage or expansion of walls, pavements, foundations, floors, roofs or ceilings, unless Toss’ by peril not otherwise excluded results and then 'we’ will only pay for such resulting Toss’ * * *
"19. Earthquake, volcanic action, mudflow, earth sinking, earth rising or shifting, landslide or other earth movement unless fire or explosion results, and then 'we’ will only pay for the Toss’ caused by such fire or explosion. This exclusion does not apply to property in transit * * *
"20. C. Water below the surface of the ground including that which exerts pressure on or flows, seeps or leaks through sidewalks, foundations, walls, basement or other floors, doors, windows or any other openings.”
The court finds that the preamble in these clauses of "[W]e do not insure against Toss’ caused by or resulting from” to be of significant import. Such language serves to broaden the intent and scope of the exclusion wording rather than narrow it (Album Realty Corp. v American Home Assur. Co., 80 NY2d 1008 [1992]). Thereafter, in this instance, the exclusions specif *1007 ically limit the insurer’s liability from damage to walls and floors by settling, cracking or expansion unless loss by a peril not otherwise excluded. The excluded losses are further defined as damage caused by earth sinking, rising, shifting or other earth movements. Additionally, water below the surface of the ground which exerts pressure on the walls, basement or other floors is not a covered peril. The court finds these exclusions to be clear and unambiguous.
In weighing the undisputed facts of this case in light of the exclusions, together with a common and practicable meaning of a frost heave, the court finds that the mechanism by which the damage occurred and the type of damage falls within the above-cited exclusion clauses of the insurance policy. A frost heave, by definition, consists of freezing moist soil which exerts an upward thrust. This displacement of soil (earth) caused the floor to move upward, compressing the surrounding walls, resulting in damage. The policy clearly and unequivocally excludes damage to walls and floors due to earth movements of all types and/or underground water which places pressure on said structures. The fact that the moist soil froze is of no moment. Without water being present in the soil in the first instance, the damage would not have been caused. Once being frozen, the water in the soil causes an expansion of the substrata which results in the upheaval. The court is persuaded by the logic contained in the similar case of Oak Tree v Commercial Union Ins. Co. (720 F Supp 92, 93 [ED Mich 1989]) that "[W]ater is still water — even though it is in frozen form and exerts pressure causing the ground to heave and the walls to crack.”
Commercial Union has proven to the court’s satisfaction that the damage caused by the frost heave is a loss excluded by the terms of the policy. Commercial Union’s cross motion for summary judgment is granted and the complaint against it is dismissed. The motions by the plaintiff and defendant Douglas Company are denied.

 During Motion Term, the court asked all counsel three questions: (1) Do all sides concur that the underlying damage was caused by a frost heave; (2) Can the court conclude from a review of the papers that the principle question in this application is whether the damage caused by a frost heave is a covered or excluded event under the builder’s risk policy presented; (3) Can the court further conclude that if a frost heave is a covered event that the policy would apply and if a frost heave is an excluded event the policy would not apply? Each counsel answered in the affirmative to the above questions.