This is an appeal from a summary judgment in which the plaintiffs were denied coverage under a homeowners insurance policy issued by the defendant.
Donald and Joan Bly brought suit against Timber Specialists, Inc., and Auto Owners Insurance Company. The plaintiffs alleged that their house had been damaged by vibrations when Timber Specialists operated heavily loaded logging trucks on a nearby road.
Auto Owners denied liability for the alleged loss and moved for summary judgment. The trial court granted the motion and entered a final judgment pursuant to Rule 54 (b), A.R.Civ.P.
The pertinent provisions of the policy are as follows:
"PERILS INSURED AGAINST
 "This policy insures against direct loss to the property covered by the following perils as defined and limited herein:
". . . .
 7. Vehicles, but excluding loss to fences, driveways and walks caused by any vehicle owned or operated by an occupant of the premises.
". . . .
"ADDITIONAL EXCLUSIONS
"This policy does not insure against loss:
". . . .
 "2. caused by, resulting from, contributed to or aggravated by any earth movement, including but not limited to earthquake, volcanic eruption, landslide, mudflow, earth sinking, rising or shifting. . . ."
We first consider whether the damage allegedly caused by the vibrations from Timber Specialists' trucks constitutes a direct loss from vehicles under the "Perils Insured Against" portion of policy. Although the policy does not mention physical contact, the insurer insists that direct loss from vehicles requires physical contact between the vehicle involved and the property covered.
We find that the word "direct" means "immediate" or "proximate" and is not synonymous with physical contact. Such was the decision in Western Assur. Co. v. Hann, 201 Ala. 376,78 So. 232 (1917), a case in which a policy insured "against all direct loss or damage by fire."
 "In the first place, it is argued that importance should be attached to the use of the word `direct' as used in the policy insuring plaintiff `against all direct loss or damage by fire.' It has been held, however, and we think correctly so, that the word `direct,' used in this connection in such policies, means merely `immediate' or `proximate' as distinguished from `remote.'"
Western Assur. Co., supra, 201 Ala. at 378, 78 So. 232
(citations omitted).
Direct loss from vehicles means that a vehicle (or vehicles) must be the proximate cause of the loss, the meaning of "proximate" being the same as in the law of negligence. If the vibrations from Timber Specialists' trucks were in fact the proximate cause of damage to the insureds' home, as a matter of law the damage qualifies as a direct loss from vehicles within the "Perils Insured Against" portion of the policy.
The second question is whether the policy unambiguously excludes the alleged loss as "caused by, resulting from, contributed to or aggravated by any earth movement. . . ." *Page 497 
The policy in one clause expressly covers direct loss caused by "vehicles." Then, in another clause, the policy excludes coverage for "any earth movement." The exclusion states that it includes but is not limited to "earthquake, volcanic eruption, landslide, mudflow, earth sinking, rising or shifting. . . ." We must decide whether the vibrations caused by the vehicles come within the terms of the "earth movement" exclusion.
"It is a general rule of construction that exceptions to coverage must be interpreted as narrowly as possible in order to provide maximum coverage for the insured. Further, such exceptions must be construed most strongly against the company drafting and issuing the policy." Employers Insurance Co. ofAlabama, Inc. v. Jeff Gin Co., 378 So.2d 693, 695 (Ala. 1979);Westchester Fire Insurance Co. v. Barnett Millworks, Inc.,364 So.2d 1137 (Ala. 1978); American Liberty Insurance Co. v.Soules, 288 Ala. 163, 258 So.2d 872 (1972).
In Cook v. Continental Insurance Co., 220 Ala. 162,124 So. 239 (1928), rev'd on rehearing, 220 Ala. 164, 124 So. 241
(1929), this Court held that an exclusion from fire insurance coverage for damage caused by an explosion did not apply where explosives were used to stop the spread of a fire in a neighboring building. The Court held that the explosion was not the type contemplated in the exclusion, but was more like damage from water or chemicals used to put out a fire. In reversing the original judgment on rehearing, the Court explicitly relied on the rule of construing exceptions favorably to the insured.
In the instant case, the enumerated types of earth movement are all natural phenomena. While the policy states that the exclusion is not limited to the specified types of earth movement, it can be reasonably concluded that the intent was to include other natural phenomena involving earth movement. This conclusion is supported by the rule of ejusdem generis, "which ordinarily limits the meaning of general words and things to the class or enumeration employed." Merchants' National Bank ofMobile v. Hubbard, 220 Ala. 372, 375, 125 So. 335 (1929); Simsv. Moore, 288 Ala. 630, 264 So.2d 484 (1972); Olsson v. Nelson,248 Ala. 441, 28 So.2d 186 (1946).
The policy is at best ambiguous as to whether the vibrations caused by the passing vehicles constitute "earth movement" within the meaning of the exclusion. The trial court should have construed the exception narrowly to provide maximum coverage under the rules cited above and found that the damages from the vibrations were not excluded from coverage.
The judgment of the trial court is reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, EMBRY and ADAMS, JJ.