607 A.2d 742

Charles A. STEELE and Patricia M.
Steele, his wife, Appellants,

v.

STATESMAN INSURANCE COMPANY, Appellee.

Supreme Court of Pennsylvania,

Argued March 10, 1992.

Decided May 21, 1992.

J. Kerrington Lewis, Lewis & Stockey, Thomas Fitzgerald, Pittsburgh, Pa., for appellants.

Jeffrey A. Ramaley, Grigsby, Gaca & Davies, P.C., Pittsburgh, Pa., for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

The issue presented in this appeal is whether the earth movement exclusion in an "all-risk" homeowner's insurance policy bars coverage for damage (loss) due to natural events only, or natural and man-made events.

Appellants, Charles A. Steele and Patricia M. Steele, own a home located in Scott Township, Allegheny County, Pennsylvania. Appellants purchased an "all-risk" homeowner's insurance policy from Appellee, Statesman Insurance Company (Statesman) which was in effect at the time of the loss described hereinafter.

On March 13, 1988, the Steeles sustained damage to their home when the hillside in their rear-yard collapsed. At that time the Steeles' rear-yard neighbor was engaged in construction on their property. The collapse occurred because the rear-yard neighbor overbuilt, overloaded, and overburdened the hillside shared by both properties. The Steeles reported the damage (loss) to Statesman in compliance with the conditions of their homeowner's insurance policy. Statesman refused coverage due to the following earth movement exclusion:

We do not cover loss resulting directly or indirectly from:

\* \* \* \* \* \*

2. Earth Movement. Meaning any loss caused by, resulting from, contributed to or aggravated by earthquake; landslide; mudflow; earth sinking, rising or shifting; volcanic eruption meaning the eruption, explosion or effusion of a volcano; unless direct loss by:

(1) fire;

(2) explosion other than the explosion of a volcano; or

(3) breakage of glass or safety glazing material;

ensues and then we will pay only for the ensuing loss.

This exclusion does not apply to loss by theft.

On May 20, 1988, Appellants filed suit in the Court of Common Pleas of Allegheny County against Statesman for breach of contract. Statesman filed a motion for summary judgment on the basis that the homeowner's insurance policy specifically excluded from coverage any loss to the property or residence caused by earth movement. The trial court granted Statesman's motion for summary judgment. The Superior Court affirmed. 407 Pa.Super. 656, 584 A.2d 1055. We reverse.

A motion for summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact *and that the moving party is entitled to judgment as a matter of law*". Pa.R.C.P. 1035(b) (emphasis added).

Recently, in *Bateman v. Motorists Mutual Insurance Co.*, 527 Pa. 241, 590 A.2d 281, 283 (1991), we set forth the principles governing the interpretation of a contract of insurance:

Review is aimed at ascertaining the intent of the parties as manifested by the language of the written instrument. Where the provision of the policy is ambiguous, the policy provision is construed in favor of the insured and against the insurer, the drafter of the instrument. If the policy language is clear and unambiguous, we give effect to the language of the contract. *Standard Vene-*

*tian Blind Co. v. American Empire Insurance Co.,* 503 Pa. 300, 469 A.2d 563 (1983).

"A contract is ambiguous if it is reasonably susceptible of different constructions and capable of being understood in more than one sense." *Hutchinson v. Sunbeam Coal Corp.,* 513 Pa. 192, 200, 519 A.2d 385, 390 (1986).

The earth movement exclusion in the contract of insurance at issue is ambiguous. On one hand, the provision bars coverage for natural events, ie., earthquakes and volcanic eruptions. On the other hand, the provision bars coverage for events which can be natural, man-made or both, ie., landslide, mudflow, earth sinking, rising or shifting. Although it is arguable that the exclusion is applicable to earth movement due to natural and man-made events, a reasonable insured could conclude that the exclusion is applicable to earth movement due to natural events only. Since the earth movement exclusion is reasonably susceptible to different constructions, it is impossible to determine the intent of the parties as manifested by the written language of the contract of insurance.

We are, therefore, required to construe the language of the contract in favor of the insured and against the insurer (the drafter of the instrument). *Bateman,* supra. Also, the venerable rule of *ejusdem generis* (of the same kind or class) used in the construction of laws, wills, and other instruments is instructive: "where general words follow an enumeration of persons or things, by words of a particular and specific meaning, such general words are not to be construed in their widest extent, but are to be held as applying only to the persons or things of the same general kind or class as those specifically mentioned". Black's Law Dictionary at p. 270 (5th Ed. 1983) citing, Black, *Interpretation of Laws* 141.

We, therefore, hold that the earth movement exclusion bars coverage for damage (loss) from earth movement due to natural events only. The earth movement exclusion in the "all-risk" insurance policy issued by Statesman to the Steeles does not bar coverage for damage (loss) from the

collapse of the hillside due to a man-made event—construction on adjoining property.[1]

The order of the Superior Court is reversed.

FLAHERTY, J., files a dissenting opinion joined by NIX, C.J.

FLAHERTY, Justice, dissenting.

In its understandable quest to provide insurance coverage to the insured homeowner, the majority purports to find an ambiguity in the contract language in order to resolve the ambiguity in favor of the insured. In my estimation, however, the policy exclusion does not contain any ambiguity which justifies "interpretation"; rather, the clear language of the policy excludes coverage for damage caused by a landslide. The loss claimed by appellants is thus excluded.

It is basic that no interpretation of contractual language is necessary or permissible unless there is ambiguity which must be resolved. *Steuart v. McChesney*, 498 Pa. 45, 444 A.2d 659 (1982). Words and phrases shall be construed according to rules of grammar and according to their common and approved usage. "It is often stated in judicial opinions that where the language used in a statute is clear and unambiguous there is no need for interpretation or construction. The same rule applies to the construction of contracts." *Spigelmire v. North Braddock School Dist.*, 352 Pa. 504, 510–11, 43 A.2d 229, 232 (1945).

> [W]hen the words are clear and unambiguous the intent is to be discovered only from the express language of the agreement. As this Court stated in *East Crossroads Center, Inc. v. Mellon–Stuart Co.*, 416 Pa. [229] at 230–231, 205 A.2d [865] at 866 [1965], "[w]hen a written

---

1. Our decision is in accord with other jurisdictions that have interpreted similar earth movement exclusions in contracts of insurance. *Peters Township School District v. Hartford Accident and Indemnity Company*, 833 F.2d 32 (3d Cir.1987); *Wyatt v. Northwestern Mutual Ins. Co.*, 304 F.Supp. 781 (D.C.Minn.1969). Contra, *Stewart v. Preferred Fire Ins. Co.*, 206 Kan. 247, 477 P.2d 966 (1970); *Nida v. State Farm Fire & Cas. Co.*, 454 So.2d 328 (La.App.1984); *Village Inn Apts. v. State Farm Fire & Cas. Co.*, 790 P.2d 581 (Utah App.1990).

contract is clear and unequivocal, its meaning must be determined by its contents alone. It speaks for itself and a meaning cannot be given to it other than that expressed. Where the intention of the parties is clear, there is no need to resort to extrinsic aids or evidence." Hence, where language is clear and unambiguous, the focus of interpretation is upon the terms of the agreement as *manifestly expressed*, rather than as, perhaps, silently intended.

*Steuart v. McChesney*, 498 Pa. at 49, 444 A.2d at 661 (citations omitted, emphasis in original).

Appellants' complaint set forth the earth movement exclusion as follows: "2. **Earth Movement**, meaning subsidence, earthquake or volcanic eruption." Appellants accepted the fact, set forth in the insurer's new matter, that the above contractual definition had been deleted and the following definition substituted: "2. **Earth Movement.** Meaning any loss caused by, resulting from, contributed to or aggravated by earthquake; landslide; mudflow; earth sinking, rising or shifting; volcanic eruption meaning the eruption, explosion or effusion of a volcano; ..."

If it might have been argued under the original definition that "subsidence, earthquake or volcanic eruption" implied only natural disasters, the argument is considerably weaker under the amended definition, wherein five types of earth movement are specified, three of which commonly include man-made calamities: landslides, mudflows, and earth sinking, rising, or shifting. There is simply no basis, under the ordinary meaning of the words used in the latter definition, to argue that the exclusion applies only to *natural* earth movement but not to *man-made* earth movement.

Moreover, the same insurance policy amendment which clarified the definition of "earth movement" added the following exclusion, immediately following the foregoing amendment:

The following exclusion is added:

**8. Planning, Construction or Maintenance,** meaning faulty, inadequate or defective:

a.  planning, zoning, development;

b.  design, development of specifications, workmanship, construction;

c.  materials used in construction;  or

d.  maintenance;

of property whether on or off the insured location by any person or organization.  However, this exclusion only applies if a peril otherwise excluded by this policy substantially contributes to the loss.

I do not see how the policy could more clearly exclude the type of loss claimed by appellants.

The majority's reliance on the rule of *ejusdem generis* is puzzling, as no application is apparent, and no reference is provided to explain its purported applicability to this contract.

Appellants' arguments bypass the required first analytical step of showing an ambiguity in the policy exclusion. This was clearly recognized by the trial court and the Superior Court.  Without any ambiguity, there is no need or justification to construe the contractual language in favor of the insured and against the insurer.

I would affirm the judgment of the Superior Court.

NIX, C.J., joins this dissenting opinion.