857 So.2d 293 (2003)
Carlos FAYAD and Dora Fayad, Appellants,
v.
CLARENDON NATIONAL INSURANCE COMPANY, Appellee.
No. 3D02-2477.
District Court of Appeal of Florida, Third District.
September 24, 2003.
*294 Harold B. Klite Truppman; Lauri Waldman Ross, Miami, for appellant.
Groelle & Salmon, P.A. and Nanci I. Stein-McCarthy (Lake Worth), for appellee.
Before SCHWARTZ, C.J., and GREEN and WELLS, JJ.
GREEN, J.
Carlos and Dora Fayad appeal an adverse final summary judgment entered in favor of their homeowner's insurer, Clarendon National Insurance Company ("Clarendon"), which denied coverage for structural damage to their home and personal property loss pursuant to the earth movement exclusion provision of the policy. We affirm.
Clarendon insured the Fayads' home and certain personal property through an "all risk policy." During the policy period, the Fayads reported to Clarendon that nearby blasting activities had caused structural damage to their home and personal property. Clarendon, in a letter, denied coverage for the structural damage and stated that its investigation revealed that the damages to the home were the result of "settlement, shrinkage and thermal effects[,]" which its policy specifically excluded.[1] Clarendon's letter did not address the Fayads' claimed loss of personal property.
*295 After receiving Clarendon's denial of coverage, the Fayads demanded appraisal pursuant to the terms of the policy. Clarendon filed this declaratory action seeking to relieve itself of any appraisal obligation and for a declaration of "no coverage." Clarendon subsequently moved for summary judgment on the grounds that coverage was precluded for the Fayads' damages by virtue of the "earth movement" exclusion provision in its policy.
Clarendon's earth movement exclusion and its lead-in provision provide:
SECTION IEXCLUSIONS
1. We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.

* * *
b. Earth Movement, meaning earthquake, including land shock waves or tremors before, during or after a volcanic eruption; landslide; mine subsidence; mudflow; earth sinking, rising or shifting; unless direct loss by:
(1) Fire; [or]
(2) Explosion ...
ensues and then we will pay only for the ensuing loss. (emphasis added).
At the hearing on the motion for summary judgment, Clarendon relied upon our decision in State Farm Fire & Casualty Company v. Castillo, 829 So.2d 242 (Fla. 3d DCA 2002) and argued that even assuming arguendo that blasting was the cause of the structural damage to the Fayads' home, coverage was still excluded under the earth movement exclusion.[2] Clarendon claimed that our holding regarding the lead-in provision in Castillo was directly on point here and therefore, blasting activity, as well as the natural phenomena specifically listed in its policy, are excluded under Clarendon's earth movement exclusion. The Fayads responded that the holding in Castillo was limited to the unique language contained in State Farm's lead-in provision, and was not applicable to the language in Clarendon's policy. The trial court granted Clarendon's motion for summary judgment and this appeal followed.
At the outset, we note and agree with the Fayads that State Farm's policy language and Clarendon's policy language, as to the earth movement exclusion, are different. The exclusion contained in State Farm's policy appears to us to be much broader in scope than Clarendon's exclusion.[3] Nevertheless, we conclude as a matter of law, accepting the Fayads' blasting theory as true, that under the plain language of Clarendon's earth movement *296 exclusion provision, there is no coverage for the claimed losses in this case. See Liberty Mut. Ins. Co. v. Weiss, 790 So.2d 475, 476 (Fla. 3d DCA 2001)(holding that whether particular risk is covered by insurance policy is question of law when facts are undisputed); Cent. Cold Storage, Inc. v. Lexington Ins. Co., 452 So.2d 1014, 1015 (Fla. 3d DCA 1984)(same).
According to the plain language in the Clarendon policy, there is no coverage for losses caused by earth movement. Reading the plain language of the policy and applying the legal maxim "expressio unius est exclusio alterius," (i.e. "the enumeration of particular covered acts should be construed to exclude all of those not expressly mentioned."[4]), we conclude that there is no coverage for damages resulting from earth movement caused by the policy's enumerated natural disasters or perils. Under Clarendon's policy, however, there would be coverage for damages from a fire or explosion which ensued or followed these enumerated natural disasters or perils.[5] That is, in order for the policy to cover damages caused by explosion, the explosion must "ensue" or follow one of the previously mentioned natural events.[6] If it does not, there is no coverage.
In this case, the Fayads themselves averred in their affidavit that the damage *297 to their home was caused by nearby "man-made blasting/explosions." Their expert gave the same opinion in his affidavit. Accepting these averments as true, as we must, we conclude that there is no coverage because the blasting or explosion did not follow one of the enumerated natural events cited in Clarendon's earth movement exclusion. We therefore find that the trial court correctly entered summary judgment in favor of Clarendon on the Fayads' claim for structural damages, and affirm. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla. 1979) (holding that conclusion of trial court will be affirmed if evidence or alternative theory supports it).
We now turn to the Fayads' next argument, that the trial court erred in entering summary judgment on their claim for loss of personal property. The Fayads assert that personal property loss caused by explosion is a covered risk under their Clarendon policy.[7] The personal property provision reads:
COVERAGE CPERSONAL PROPERTY
We insure for direct physical loss to the property described in Coverage C caused by a peril listed below unless the loss is excluded in SECTION IEXCLUSIONS.
* * *
3. Explosion (emphasis added).
The Fayads claim that the policy provides coverage under the personal property section and then takes it away under the earth movement exclusion. Although "explosion" is a listed peril with regard to personal property as the Fayads claim, it is nevertheless expressly limited by the policy's exclusions. "[W]here one or more provisions of a contract appear to be in conflict, those provisions should be harmonized and reconciled if it is possible to do so." Gilman Yacht Sales, Inc. v. FMB Invs., Inc., 766 So.2d 294, 296 (Fla. 4th DCA 2000). We find that the earth movement exclusion still acts to deny coverage for explosions except for those following one of the enumerated natural phenomena. Any conclusion to the contrary would result in interpreting the two policy provisions in an inconsistent manner. Therefore, the trial court was correct in granting summary judgment as to the Fayads' claim for personal property and losses as well, and we affirm.
Affirmed.
NOTES
[1] Clarendon relied on the following policy provisions to deny coverage of the Fayads' claim:

SECTION IPERILS INSURED AGAINST
COVERAGE ADWELLING and COVERAGE BOTHER STRUCTURES
We insure against risk of direct loss to property described in Coverages A and B only if that loss is a physical loss to property. We do not insure, however, for loss:
* * *
2. Caused by:
* * *
e. Any of the following:
* * *
(1) Wear and tear, marring, deterioration;
* * *
(6) Settling, shrinking, bulging or expansion, including resultant cracking, of pavements, patios, foundations, walls, floors, roofs or ceilings....
[2] In Castillo, another blasting case, we found that the lead-in provision in State Farm's policy, when read in conjunction with the policy's earth movement exclusion, excluded coverage for any loss resulting from earth movement, regardless of whether the cause of the earth movement was natural or manmade. Id. at 245.
[3] Specifically, as provided in Castillo, the State Farm policy language is as follows:

SECTION ILOSSES INSURED
COVERAGE A-DWELLING
We insure for accidental direct physical loss to the property described in Coverage A [the residence premises] except as provided in SECTION ILOSSES NOT INSURED.
* * * *
SECTION ILOSSES NOT INSURED
1. We do not insure for any loss to the property described in Coverage A [the residence premises] which consists of, or is directly and immediately caused by, one or more of the perils listed in items a through m below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:
1. settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs, or ceilings[.]
2. We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these.
b. Earth movement, meaning the sinking, rising, shifting, expanding or contracting of earth, all whether combined with water or not. Earth movement includes but is not limited to earthquake, landslide, mudflow, sinkhole, subsidence and erosion. Earth movement also includes volcanic explosion or lava flow, except as specifically provided in SECTION IADDITIONAL COVERAGES, Volcanic Action.
We do insure for any direct loss by fire, explosion other than explosion of a volcano, theft, or breakage of glass or safety glazing materials which are part of the dwelling resulting from earth movement, provided the resulting loss is itself a Loss Insured.
Castillo, 829 So.2d at 243-44.
[4] Mason v. Fla. Sheriff's Self-Ins. Fund, 699 So.2d 268, 270 (Fla. 5th DCA 1997). See also United States v. First Nat'l Bank of Crestview, 513 So.2d 179, 181 (Fla. 1st DCA 1987) ("The maxim `expressio unius est exclusio alterius' applies to contracts as well as statutes[.]" (citation omitted).).
[5] The dictionary definition of "ensue" is "to follow immediately afterward; take place subsequently" or "to follow as a consequence; result." The American Heritage Dictionary of the English Language 435 (New College Ed.1976).
[6] Specifically, pursuant to the policy:

Earth Movement, meaning earthquake, including land shock waves or tremors before, during or after a volcanic eruption; landslide; mine subsidence; mudflow; earth sinking, rising or shifting; unless direct loss by:
(1) Fire;
(2) Explosion; ...
ensues and then we will pay only for the ensuing loss. (emphasis added)
[7] We reject Clarendon's assertion that the Fayads failed to preserve this issue for appeal. The record conclusively refutes this claim, as counsel for the Fayads adequately raised the issue at the summary judgment hearing.