899 So.2d 1082 (2005)
Carlos FAYAD, et ux., Petitioners,
v.
CLARENDON NATIONAL INSURANCE COMPANY, Respondent.
No. SC03-1808.
Supreme Court of Florida.
March 31, 2005.
*1083 Harold B. Klite Truppman and Lauri Waldman Ross, Miami, FL, for Petitioner.
Guy E.E. Burnette, Jr., and Marc Peoples of Guy E. Burnette, Jr., P.A., Tallahassee, FL, for Respondent.
William F. Merlin, Jr. and Mary E. Kestenbaum of Gunn Merlin, P.A., Tampa, FL on behalf of United Policyholders, for Amicus Curiae.
PARIENTE, C.J.
We have for review Fayad v. Clarendon National Insurance Co., 857 So.2d 293 (Fla. 3d DCA 2003), which expressly and directly conflicts with Phoenix Insurance Co. v. Branch, 234 So.2d 396 (Fla. 4th *1084 DCA 1970).[1] The issue before this Court is whether damages caused by blasting are covered under an all-risk insurance policy that expressly excludes damage caused by earth movement from coverage. As with any other matter involving exclusionary clauses in insurance policies, our decision is governed by the language of the exclusionary provision and well-established principles of insurance contract interpretation. We interpret Clarendon's earth movement exclusion to be limited to earth movement caused by natural events. We conclude that damage caused by a manmade event such as blasting is covered under Clarendon's all-risk insurance policy and does not fall within the earth movement exclusion.

I. FACTS AND PROCEDURAL HISTORY
Clarendon insured the home and certain personal property of Carlos and Dora Fayad (the Fayads) through an all-risk insurance policy. While the policy was in effect, the Fayads reported to Clarendon that nearby blasting activities caused structural damage to their home and personal property. Clarendon initially denied coverage in reliance on its exclusion that barred coverage for damage caused by "settlement, shrinkage and thermal effects." Clarendon also based its denial on a finding by its engineering expert that blasting could not have created vibrations strong enough to cause the claimed loss to the Fayads' home and personal property. Clarendon filed suit seeking a declaratory judgment that there was no coverage for the Fayads' damages. Subsequently, Clarendon moved for summary judgment but only on the earth movement exclusion in its policy. See Fayad, 857 So.2d at 295. Clarendon assumed for the purposes of summary judgment that the Fayads' damages were caused by blasting. The relevant parts of Clarendon's policy read as follows:
SECTION IEXCLUSIONS
1. We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.
. . . .
b. Earth Movement, meaning earthquake, including land shock waves or tremors before, during or after a volcanic eruption; landslide; mine subsidence; mudflow; earth sinking, rising or shifting; unless direct loss by:
(1) Fire; or
(2) Explosion . . .
ensues and then we will pay only for the ensuing loss.
. . . .
COVERAGE CPERSONAL PROPERTY
We insure for direct physical loss to the property described in Coverage C caused by a peril listed below unless the loss is excluded in SECTION IEXCLUSIONS.
. . . .
3. Explosion.
At the hearing on the summary judgment motion, Clarendon relied on State Farm Fire & Casualty Co. v. Castillo, 829 So.2d 242 (Fla. 3d DCA 2002), in which the Third District Court of Appeal held that the language of a lead-in provision and exclusion in a policy drafted by a different insurer excluded coverage for any loss resulting from earth movement regardless of its cause. Based on the Third District's holding in Castillo, the trial court entered summary judgment in favor of Clarendon, *1085 finding that coverage was precluded under the earth movement exclusion in Clarendon's policy. On appeal, the Fayads argued that the trial court erred in granting summary judgment because the policy at issue in Castillo contained language in its earth movement exclusion that was materially different from the language in Clarendon's earth movement exclusion. Although the Third District agreed that the exclusion at issue in Castillo was much broader than Clarendon's exclusion, it concluded as a matter of law that "under the plain language of Clarendon's earth movement exclusion provision, there is no coverage for the claimed losses in this case." Fayad, 857 So.2d at 295-96.
The Fayads sought review in this Court, alleging express and direct conflict with Phoenix, in which the Fourth District Court of Appeal, interpreting an earth movement exclusion that was broader than Clarendon's exclusion, concluded that the exclusion was limited to natural events and thus did not exclude damage resulting from blasting activities from coverage. We accepted review to resolve this conflict.

II. ANALYSIS

A. Standard of Review
The specific issue we confront is whether the exclusionary clause in this case, which expressly excludes damage resulting from natural disasters such as earthquakes from coverage, also excludes damage from man-made events such as blasting from coverage. Although the question of whether the damage to the Fayads' home was caused by blasting is a question of fact, whether damage caused by blasting comes within the scope of the exclusionary clause is a question of law. Cf. Dimmitt Chevrolet, Inc. v. Southeastern Fidelity Ins. Corp., 636 So.2d 700, 701 (Fla.1993) (the issue of whether an exclusionary clause precludes coverage for damages is a question of law); Jones v. Utica Mut. Ins. Co., 463 So.2d 1153, 1157 (Fla. 1985) ("[T]he construction of an insurance policy is a question of law. . . ."). Thus, we review de novo the Third District's determination that damage from blasting is excluded under the Fayads' all-risk insurance policy. Cf. City of Gainesville v. State, 863 So.2d 138, 143 (Fla.2003) (trial court's conclusions of law are reviewed de novo); Panama City Beach Cmty. Redevelopment Agency v. State, 831 So.2d 662, 665 (Fla.2002) ("It is clear that this Court's review of the trial court's conclusions of law is de novo.").
Also, de novo review is appropriate because the coverage question was resolved against the Fayads on summary judgment. See Major League Baseball v. Morsani, 790 So.2d 1071, 1074 (Fla.2001) ("The standard of review governing a trial court's ruling on a motion for summary judgment posing a pure question of law is de novo."); Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000) (stating that a grant of summary judgment is reviewable de novo, and that summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law).

B. All-Risk Insurance Policies and Earth Movement Exclusions
The specific type of insurance policy involved in this case is, as in Castillo and Phoenix, an all-risk policy. Unless the policy expressly excludes the loss from coverage, this type of policy provides coverage for all fortuitous loss or damage other than that resulting from willful misconduct or fraudulent acts. See Sun Ins. Office, Ltd. v. Clay, 133 So.2d 735, 739 (Fla.1961); Wallach v. Rosenberg, 527 So.2d 1386, 1388 (Fla. 3d DCA 1988) (quoting Phoenix, 234 So.2d at 398); Jane Massey *1086 Draper, Annotation, Coverage Under All-Risk Insurance, 30 A.L.R. 5th 170, 170 (2004). Although the term "all-risk" is afforded a broad, comprehensive meaning, see Wallach, 527 So.2d at 1388, an "all-risk" policy is not an "all loss" policy, and thus does not extend coverage for every conceivable loss.
In deciding whether an all-risk policy excludes coverage for an insured's claimed damages, we are guided by well-established principles of insurance contract interpretation. We begin with the guiding principle that insurance contracts are construed in accordance with "the plain language of the polic[y] as bargained for by the parties." Auto-Owners Ins. Co. v. Anderson, 756 So.2d 29, 33 (Fla.2000) (quoting Prudential Prop. & Cas. Ins. Co. v. Swindal, 622 So.2d 467, 470 (Fla.1993)) (alteration in original). However, if the salient policy language is susceptible to two reasonable interpretations, one providing coverage and the other excluding coverage, the policy is considered ambiguous. See Anderson, 756 So.2d at 34; Swire Pac. Holdings, Inc. v. Zurich Ins. Co., 845 So.2d 161, 165 (Fla.2003). Ambiguous coverage provisions are construed strictly against the insurer that drafted the policy and liberally in favor of the insured. See Anderson, 756 So.2d at 34; State Farm Fire & Cas. Co. v. CTC Dev. Corp., 720 So.2d 1072, 1076 (Fla.1998); Deni Assocs. of Florida, Inc. v. State Farm Fire & Cas. Ins. Co., 711 So.2d 1135, 1138 (Fla.1998). Further, ambiguous "exclusionary clauses are construed even more strictly against the insurer than coverage clauses." Anderson, 756 So.2d at 34; see also Demshar v. AAACon Auto Transport, Inc., 337 So.2d 963, 965 (Fla.1976) ("Exclusionary clauses in liability insurance policies are always strictly construed."). Thus, the insurer is held responsible for clearly setting forth what damages are excluded from coverage under the terms of the policy.
With regard to earth movement exclusions, there is a distinction between losses caused by natural events, which are often cataclysmic and widespread, and losses caused by man-made events. When losses are caused by human activity, insurers have the opportunity to recover some of the payments made to their insured by asserting subrogation rights against the entity responsible for the activity. See generally Cas. Indem. Exchange v. Penrod Bros., Inc., 632 So.2d 1046, 1047 (Fla. 3d DCA 1993) ("After payment of a loss to its insured, an insurer may be subrogated to `any right of action that the insured may have against the third person whose negligence or wrongful act caused the loss.'") (quoting Indiana Ins. Co. v. Collins, 359 So.2d 916, 917 (Fla. 3d DCA 1978)); Fireman's Fund Ins. Co. v. Rojas, 409 So.2d 1166, 1167 (Fla. 3d DCA 1982) ("As a general rule, an insurer which has paid its insured's claim or loss becomes subrogated to the insured's cause of action against the tortfeasor and may file suit to recover the amount paid."). This is in stark contrast to losses that are caused by natural disasters for which there is no responsible third party.
In Castillo, the case upon which the trial court relied, the Third District was faced with the question of whether a State Farm earth movement exclusion unambiguously applied to both natural and man-made events. See 829 So.2d at 245. The State Farm exclusion defined "earth movement" as
the sinking, rising, shifting, expanding or contracting of earth, all whether combined with water or not. Earth movement includes but is not limited to earthquake, landslide, mudflow, sinkhole, subsidence and erosion. Earth *1087 movement also includes volcanic explosion or lava flow. . . .
Id. at 243-44 (emphasis removed). The State Farm exclusion also had a lead-in provision that provided:
We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these.
Id. at 243 (some emphasis removed). The Third District concluded that the exclusion, when read in conjunction with the lead-in provision, expanded the scope of the exclusion to exclude from coverage any loss resulting from earth movement regardless of the cause of the earth movement. See id. at 245.[2]
In contrast, the overwhelming majority of courts interpreting earth movement exclusions that do not contain lead-in language precluding coverage for damage from earth movement "regardless" of its cause have concluded that such exclusions apply only to earth movement that arises from natural events.[3] In fact, in the conflict *1088 case, Phoenix, which also involved damage from blasting, the Fourth District interpreted an earth movement exclusion that was broader than Clarendon's but did not have the lead-in provision specifying that the exclusion applied regardless of the cause of the earth movement. The Fourth District concluded that the exclusion applied only to natural events.[4]
In line with the majority of courts, we conclude that absent specific language in the policy to the contrary, an earth movement exclusion is limited to damage caused by natural phenomena. This construction is required by principles of insurance contract interpretation and is consistent with the plain meaning of the term "earth movement." See Webster's Third New International Dictionary 715 (1971) (stating that "earth movement" means the "differential movement of the earth's crust: elevation or subsidence of the land"), quoted in Sentinel Assocs. v. American Mfrs. Mut. Ins. Co., 804 F.Supp. 815, 818 n. 2 (E.D.Va.1992).

C. This Case
In this case, Clarendon excluded damage caused by "earth movement" from coverage under the all-risk policy issued to the Fayads. Clarendon's policy does not include a lead-in provision excluding coverage for damage resulting from earth movement regardless of its cause. Clarendon expressly defines the term "earth movement" to mean "earthquake, including land shock waves or tremors before, during or after a volcanic eruption; landslide; mine subsidence; mudflow; earth sinking, rising or shifting." This definition limits the term "earth movement" to the events enumerated in the exclusion. Blasting is not expressly listed as a causal event that precludes coverage for resulting damage.
Clarendon asserts that the "earth sinking, rising or shifting" language in the exclusion should be construed to include a man-made activity such as blasting. Although such a construction is conceivable, it is by no means the most reasonable construction, given that the words preceding "earth sinking, rising or shifting," such as "earthquake," "landslide," and "mudflow," generally connote natural events. The more reasonable interpretation is that the exclusion applies only to earth movement that is brought about by natural events.
This interpretation is consistent with the principle of ejusdem generis. Distilled to its essence, this rule provides that where *1089 general words follow an enumeration of specific words, the general words are construed as applying to the same kind or class as those that are specifically mentioned. See Arnold v. Shumpert, 217 So.2d 116, 119 (Fla.1968). Courts have used this principle to interpret ambiguous earth movement exclusions within insurance policies. See Winters v. Charter Oak Fire Ins. Co., 4 F.Supp.2d 1288, 1293 (D.N.M.1998); Steele v. Statesman Ins. Co., 530 Pa. 190, 607 A.2d 742, 743 (1992); Rankin v. GeneraliU.S. Branch, 986 S.W.2d 237, 239-40 (Tenn.Ct.App.1998). Applying the rule of ejusdem generis to the exclusion in this case yields the conclusion that "earth sinking, rising or shifting" at the end of the list of excluded events does not broaden coverage under the policy. Instead, "earth sinking, rising or shifting" should be construed in relation to the other events listed in the exclusion such as earthquakes and landslides, which are natural events. See Winters, 4 F.Supp.2d at 1293; Steele, 607 A.2d at 743; Rankin, 986 S.W.2d at 239.
Even if we were to conclude that our interpretation and Clarendon's interpretation are equally reasonable, this conclusion would render the provision ambiguous and this ambiguity would be resolved in favor of coverage. This result is consistent with the dual principles that ambiguous provisions in insurance contracts are strictly construed against the insurer and that ambiguous exclusionary clauses are construed even more strictly against the insurer than coverage clauses. See Anderson, 756 So.2d at 34.
Clarendon has failed to demonstrate that its limited earth movement exclusionary clause encompasses blasting and other similar man-made events. The purpose of an all-risk policy is to protect against all risks except those expressly excluded. Damage caused by blasting is not expressly excluded from coverage in Clarendon's policy. Construing the exclusion strictly against Clarendon as the drafter of the all-risk insurance policy, we conclude that blasting is not encompassed within the earth movement exclusion. We rely not only on the actual language used in Clarendon's definition of earth movement, but also on the fact that Clarendon chose not to utilize language specifically excluding damage resulting from earth movement regardless of its cause.
In this case, the Third District erroneously concluded that under the "plain language of Clarendon's earth movement exclusion provision, there is no coverage for the claimed losses in this case." Fayad, 857 So.2d at 295-96. The Third District misinterpreted Clarendon's policy as providing coverage for damage caused by blasting only if the blasting or explosion follows one of the enumerated natural disasters or perils. See id. at 296. Under the Third District's analysis, because man-made blasting is an explosion that does not ensue from or follow one of the enumerated natural disasters or perils, there was no coverage for blasting damage. The Third District's analysis missed the mark.
Clarendon's policy provides coverage for any damages except those expressly excluded. Clarendon's policy expressly excludes only damage resulting from earth movement caused by the exclusion's enumerated natural disasters or perils from coverage. Blasting is not within the scope of these enumerated natural disasters or perils, and thus does not fall within Clarendon's exclusion. Because damage from blasting is not excluded, there was no reason for the Third District to analyze the exception to the exclusion to determine whether the blasting ensued from or followed one of the enumerated natural disasters *1090 or perils. "[I]n the absence of a provision expressly excluding" the loss from coverage, the claimed loss is covered under the all-risk policy. Clay, 133 So.2d at 739.[5]

III. CONCLUSION
We interpret Clarendon's earth movement exclusion to exclude damage caused by earth movement arising from natural events from coverage rather than damage caused by earth movement arising from any cause, including man-made events such as blasting. Because any exclusion must be strictly construed against the drafter and because any ambiguity in policy language must be liberally construed in favor of the insured, Clarendon's attempt to limit coverage based on the provisions of the policy must fail. If Clarendon intended to exclude damage from earth movement caused by man-made events from coverage as it now contends, it could have done so clearly and unambiguously. For the foregoing reasons, we hold that Clarendon's earth movement exclusion applies only to earth movement that arises from natural events. In so holding, we quash the Third District's decision affirming summary judgment in favor of Clarendon. We do not decide any of the factual issues raised, such as Clarendon's claim that blasting could not have created vibrations strong enough to cause the Fayads' damages. We remand for proceedings consistent with this opinion.
It is so ordered.
WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
NOTES
[1] We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.
[2] As noted by the Third District, its holding in Castillo is in accord with the decisions of the majority of courts that have considered whether identical language in lead-in provisions of State Farm policies renders the exclusion unambiguous and applicable to earth movement that arises from both natural and man-made events. See id. (citing Rhoden v. State Farm Fire & Cas. Co., 32 F.Supp.2d 907 (S.D.Miss.1998); State Farm Fire & Cas. Co. v. Bongen, 925 P.2d 1042 (Alaska 1996); Kula v. State Farm Fire & Cas. Co., 212 A.D.2d 16, 628 N.Y.S.2d 988 (N.Y.App.Div.1995); Alf v. State Farm Fire & Cas. Co., 850 P.2d 1272 (Utah 1993); Rodin v. State Farm Fire & Cas. Co., 844 S.W.2d 537 (Mo.Ct.App.1992); Schroeder v. State Farm Fire & Cas. Co., 770 F.Supp. 558 (D.Nev.1991); Millar v. State Farm Fire & Cas. Co., 167 Ariz. 93, 804 P.2d 822 (Ariz.Ct.App.1990); Village Inn Apartments v. State Farm Fire & Cas. Co., 790 P.2d 581 (Utah Ct.App.1990)); see also Chase v. State Farm Fire & Cas. Co., 780 A.2d 1123, 1128 n. 4 (D.C.2001) (finding that the exclusion unambiguously applied to natural and man-made earth movement but stating that its construction of the exclusion was "sensitive to the precise language that State Farm has used").
[3] See, e.g., Winters v. Charter Oak Fire Ins. Co., 4 F.Supp.2d 1288, 1291 (D.N.M.1998) (construing earth movement exclusion to include only naturally occurring events); Sentinel Assocs. v. American Mfrs. Mut. Ins. Co., 804 F.Supp. 815, 818 (E.D.Va.1992) (determining that if natural forces led to the damage the earth movement exclusion is applicable; whereas if a man-made problem caused the damage the exclusion is inapplicable); Wyatt v. Northwestern Mut. Ins. Co., 304 F.Supp. 781, 783 (D.Minn.1969) ("Certainly not all earth movements, or at least those where some human action causes such are included in the [earth movement] exclusion."); Bly v. Auto Owners Ins. Co., 437 So.2d 495, 497 (Ala.1983) (stating that the exclusion enumerated only naturally occurring phenomena); Opsal v. United Servs. Auto. Ass'n, 2 Cal. App.4th 1197, 10 Cal.Rptr.2d 352, 355 (1991) (stating that earth movement exclusion can be reasonably read to apply only to naturally occurring earth movement); Henning Nelson Constr. Co. v. Fireman's Fund American Life Ins. Co., 383 N.W.2d 645, 653 (Minn.1986) (determining that "the earth movement exclusion must be construed to apply to earth movements caused by widespread natural disasters and not to those caused by human forces"); Ariston Airline & Catering Co. v. Forbes, 211 N.J.Super. 472, 511 A.2d 1278, 1284 (1986) (concluding that the term "earth movement" must be interpreted as referring to natural phenomena); United Nuclear Corp. v. Allendale Mut. Ins., 103 N.M. 480, 709 P.2d 649, 652 (1985) (finding no error in the trial court's construction of the earth movement exclusion to apply to only naturally occurring phenomena); Holy Angels Acad. v. Hartford Ins. Group, 127 Misc.2d 1024, 487 N.Y.S.2d 1005, 1007 (N.Y.Sup.Ct.1985) (concluding that the earth movement exclusion was intended to remove from coverage damage occurring from natural causes); Steele v. Statesman Ins. Co., 530 Pa. 190, 607 A.2d 742, 743 (1992) (strictly construing the earth movement exclusion as applicable only to earth movement caused by natural events); Rankin v. GeneraliU.S. Branch, 986 S.W.2d 237, 239-40 (Tenn.Ct.App.1998) (declining to apply earth movement exclusion to bar recovery for damage caused by man-made event); American Motorists Ins. Co. v. R & S Meats, Inc., 190 Wis.2d 196, 526 N.W.2d 791, 796 (Wis.Ct.App.1994) (stating no preclusion under earth movement exclusion where earth movement results from human action).
[4] The exclusion in Phoenix read as follows:

This policy does not insure against loss:
. . . .
(b) caused by, resulting from, contributed to or aggravated by any earth movement, including but not limited to earthquake, landslide, mudflow, earth sinking, rising or shifting; unless loss by fire, explosion or breakage of glass constituting a part of the building(s) covered hereunder, including glass in storm doors and storm windows, ensues, and this Company shall then be liable only for such ensuing loss[.]
234 So.2d at 398 (emphasis supplied).
[5] Because of our resolution of the issue before us, we do not address the Fayads' additional argument that even if the earth movement exclusion precluded coverage for damage caused by blasting, their personal property damage would not be subject to this exclusion because explosion is specifically listed in the personal property coverage provision as a named peril for which there would be coverage. Further, we do not address the alternative argument that summary judgment would in any event have been inappropriate because the issue of whether the damages sustained by the Fayads resulted from earth shifting or earth sinking secondary to the blasting was disputed.