POLEN, J.
This appeal arises from a final summary judgment entered against appellant Donovan Construction, Inc. (“DCI”) based on late notice to its insurer. We reverse, holding that material issues of fact remained.
The standard of review of a trial court’s ruling on a motion for summary judgment posing a pure question of law is de novo. Fayad, v. Clarendon Nat’l Ins. Co., 899 So.2d 1082, 1085 (Fla.2005).
Appellee Essex Insurance Company provided commercial general liability insur- *598 anee to DCI and its president, Thomas Donovan against claims resulting from their construction business. On December 15, 1997, DCI entered into a contract with Mark Vacker to construct an addition to his residence. In July 1999, DCI was informed that the wooden planks of the vaulted ceiling in the addition were buckling. DCI inspected the area and re-nailed the wooden planks to the ceiling. In July 2000, DCI was advised that the problem with the wooden planks had recurred. DCI inspected the area and concluded that there were no construction defects. Vacker’s architect determined that there were no construction deficiencies and that the problem was one of design and recommended that a dehumidifier -be installed. DCI complied and installed a dehumidifier. Approximately two weeks after its installation, Vacker asked that the dehumidifier be removed because it was too noisy.
On May 3, 2004, Thomas Donovan directed his insurance agent, Associated Underwriters of Florida, to notify Essex of Vacker’s “possible” claims. At no time did Essex contact Donovan regarding the potential claim nor, to DCI’s knowledge, take any actions as a result thereof.
On January 7, 2005, Vacker served DCI with his complaint for negligence, breach of contract and breach of implied warranty for damages. The complaint claimed that, “while engaged in the construction and installation of the addition, DCI committed negligence by allowing the air conditioning system to leak and by permitting chronic water intrusion which has caused and continues to cause microbiological contamination, including the growth of toxic and/or allergenic fungi and bacteria including As-pergillus species and Penicillium species, which pose a serious health hazard to the occupants of the Residence, and damage to the Residence itself.” The complaint indicated that Vacker noticed visible mold growth within the closets and bathroom in the addition on or about July 2003. Attached to the complaint was a September 12, 2003 report from Florida Mold Consultants which set forth the company’s findings of mold. This report was not provided to DCI prior to the complaint.
On January 25, 2005, AXA Corporate Solutions, DCI’s other insurer, wrote to Essex advising them of Vacker’s complaint against DCI. Also on this date, Essex notified DCI of its denial of said claims.
DCI tendered the defense of this matter to Essex and requested that they be indemnified. Essex refused to defend and indemnify DCI on numerous grounds, including DCI’s failure to comply with the policies’ notice provisions. In response, DCI filed a third party complaint for breach of contract against Essex asserting that Essex breached its obligations under its insurance policies by failing to defend and indemnify DCI for the damages alleged by Vacker in his complaint. Essex countered by filing a motion for final summary judgment against DCI, asking the court to find, as a matter of law, that Essex had no duty to defend or indemnify DCI for Vacker’s alleged damages.
DCI filed an opposition to Essex’s motion for summary judgment, along with a cross-motion for summary judgment. The trial court entered an order granting final summary judgment in favor of Essex as to late notice, finding that DCI failed to give Essex timely notice of Vacker’s claim against them, thereby releasing Essex from its duty to defend DCI. In the summary judgment hearing, the court stated the following:
I find that Essex Insurance Company’s motion should be granted only on one basis. And that is, I find that there was not a question of fact for the finder of facts. The alleged notice in this case *599 was just so untimely as to not be a material fact that’s in dispute for the finder of facts. There is late notice in the case. Formal notice was not given until years after. So as a result of that, I find that their motion for summary should be granted.
The standard of review of a trial court’s ruling on a motion for summary judgment posing a pure question of law is de novo. Fayad, 899 So.2d at 1085. “[A] party moving for summary judgment must show conclusively the absence of any genuine issue of material fact and the court must draw every possible inference in favor of the party against whom a summary judgment is sought.... If the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by it.” Moore v. Morris, 475 So.2d 666 (Fla.1985).
We hold that the trial court erred in granting Essex’s motion for summary judgment with respect to late notice. Viewing the evidence most favorably to DCI and drawing every possible inference in its favor, we find that there is a genuine issue of material fact concerning when DCI knew of the mold problems and whether it failed to timely notify Essex. Because the evidence permits different reasonable inferences as to these questions, it is an issue of fact for the jury.
Based on the foregoing, we reverse on the issue of late notice and remand for further proceedings to determine unresolved issues.

Reversed.

STONE and FARMER, JJ., concur.