PARIENTE, J.,
concurring in result only.
Regardless of whether the insurance policy is read as clearly providing coverage as the majority concludes or whether the policy is ambiguous as Justice Canady concludes, the answer to the certified question is in the affirmative. The reason for that alternative answer based on an ambiguity in the policy language is that this Court construes ambiguous provisions in favor of the insured. Rather than deciding this case on the “plain language” as the majority does, I would acknowledge the existence of two reasonable interpretations but then, in accordance with the rules of construction for insurance policies, apply the interpretation in favor of coverage.
As stated by Justice Canady in his separate opinion in this case, this Court follows the rule that “[a]mbiguous coverage provisions are construed strictly against the insurer that drafted the policy and liberally in favor of the insured.” Fayad v. Clarendon Nat’l Ins. Co., 899 So.2d 1082, 1086 (Fla.2005). If there are two competing reasonable interpretations, one favoring coverage for the insured and one denying coverage for the insured, courts uniformly adopt the interpretation conferring coverage. See Container Corp. of Am. v. Md. Cas. Co., 707 So.2d 733, 735-36 (Fla.1998).
The reasoning for this long-established principle is that the insurer, as drafter of the policy language, has an obligation to make the scope of its coverage and any limitations from coverage clear and unambiguous in the actual language of the policy. As we recently stated in United States Fire Insurance Co. v. J.S.U.B., Inc., 979 So.2d 871, 884 (Fla.2007), if the insurer “intended to preclude coverage based on the cause of action asserted, it was incumbent on [the insurer] to include clear language to accomplish this result.”
The insurer in this case has contended that the wording of the policy provides coverage for situations where the content *1009 of the material-and not the act of sending it — violates a person’s right of privacy. While that is one reasonable interpretation of the policy, it is not the only reasonable interpretation. I agree with the rationale of the Supreme Judicial Court of Massachusetts in interpreting New Jersey law on the same policy provisions defining advertising injury:
Although we are aware that “[a]n insurance policy is not ambiguous merely because two conflicting interpretations of it are suggested by the litigants,” in evaluating the ambiguity of the phrase, we cannot ignore the body of national case law addressing the same or similar policy language and falling on both sides of this interpretive ledger. It is fair to say that even the most sophisticated and informed insurance consumer would be confused as to the boundaries of advertising injury coverage in light of the deep difference of opinion symbolized in these cases.
Terra Nova Ins. Co. v. Fray-Witzer, 449 Mass. 406, 869 N.E.2d 565, 573 (2007) (citation and footnote omitted) (quoting Powell v. Alemaz, Inc., 335 N.J.Super. 33, 760 A.2d 1141, 1147 (Ct.App.Div.2000)). The ambiguity, in my view, arises because the policy language is unclear as to whether the phrase “violates a person’s right of privacy” refers to the publication of the material or the material itself.
The bottom line is that if the insurer, as the drafter of the language, intended to limit coverage to material whose content violated the right of privacy, then it could have easily done so by simply adding a phrase as follows: Oral or written publication of material, the content of which violates the right of privacy. Transportation Insurance Company did not do so and thus left the policy open to a reasonable interpretation in favor of coverage. See Terra Nova, 869 N.E.2d at 574 (“[H]ad [the insurers] wished their policies to pertain only to violations of privacy created by the content of material, it was incumbent on them to draft explicit policies to that effect.”).
For all of these reasons, I agree with the majority’s conclusion that insurance coverage should be extended and agree with answering the certified question in the affirmative.
CANADY, J., concurs.