[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11290

Non-Argument Calendar

_____

M&M SISTERS, LLC,
BERTHA MENENDEZ GARCIA,
MARIA MENDEZ,

Plaintiffs-Appellants,

*versus*

SCOTTSDALE INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

2                    Opinion of the Court                    22-11290

D.C. Docket No. 1:21-cv-24081-FAM

———————————————

Before WILLIAM PRYOR, Chief Judge, NEWSOM, and BRASHER, Circuit Judges.

PER CURIAM:

M&M Sisters, LLC, and its two owners, Bertha Garcia and Maria Mendez, appeal the dismissal of their third amended complaint against Scottsdale Insurance Company for breach of contract. The district court dismissed M&M's third amended complaint for failure to state a claim for relief. *See* Fed. R. Civ. P. 12(b). M&M challenges the dismissal of its pleading without further leave to amend. We affirm.

M&M purchased a commercial general liability policy from Scottsdale for an apartment building located at "1111 NW 43 Avenue, Miami, FL 33126." The policy covered "'property damage' . . . caused by an 'occurrence,'" which the policy defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Under the policy, M&M would incur "property damage" when it had "[p]hysical injury to tangible property" or suffered a "[l]oss of use of tangible property that is not physically injured."

In May 2019, M&M filed a claim for damage to its building, and Scottsdale assigned an adjuster to investigate. In September 2019, M&M demanded an audio and video recording of the inspection. Scottsdale refused.

In October 2019, M&M filed a complaint in a Florida court for a declaratory judgment. M&M sought an order compelling Scottsdale to record its inspection and declaring that the claim was covered under the insurance policy and that delays in inspecting the property and in determining coverage constituted a constructive denial of coverage. On Scottsdale's motion, the state court stayed the action pending a determination of coverage.

In January 2021, Scottsdale denied M&M's claim. Scottsdale determined that the loss was excluded from coverage after its structural engineer attributed the damage to the building to wear and tear in the roof and windows and to faulty construction, repairs, maintenance, and materials in the drainage system of the roof and on the roof. The adjuster "determined there was no damage to the roof of the building resulting from wind or any other covered cause of loss, and no damage to the interior of the [building] caused by an opening in the roof . . . caused by wind or any other covered cause of loss."

In May 2021, M&M filed an amended complaint against Scottsdale for breach of contract. M&M alleged that its "Property sustained a sudden, accidental and/or otherwise covered loss under the Policy, resulting in extensive damage to the interior and exterior of the insured risk." M&M also alleged that Scottsdale had "refuse[d] to perform" its duties "to promptly investigate, adjust and issue payment for the Covered Loss," which "includ[ed], but [was] not limited to, the actual cash value of the loss and/or damages."

Scottsdale moved to dismiss the amended complaint or for a more definite statement. M&M agreed for the state court to grant the motion, dismiss the amended complaint without prejudice, and give it 20 days to file a second amended complaint that "allege[d] [its] damage and the cause of [its] alleged loss with greater particularity."

M&M filed a second amended complaint that alleged it "suffered a sudden, accidental and/or otherwise covered loss"; "more specifically, . . . extensive roof damage which resulted in ensuing water damage to the interior of" "units 101, 102, 104, 105, 201, 202, 206 and 210." M&M repeated that Scottsdale had "refuse[d] to perform" its duties "to promptly investigate, adjust and issue payment for the Covered Loss," which "includ[ed], but [was] not limited to, the actual cash value of the loss and/or damages" of more than $30,000.

In October 2021, M&M estimated its damages at $2,591,333.16. Scottsdale removed the action to the federal court based on diversity of citizenship, *see* 28 U.S.C. §§ 1332, 1446, and it moved to dismiss the complaint.

The district court dismissed the second amended complaint. The district court observed that M&M "alleged [no] facts explaining what 'roof damage' or 'ensuing water damage occurred,' . . . [or] how that 'covered loss' caused damage to the roof or interior of the property." *See* Fed. R. Civ. P. 12(b). "[M]erely assert[ing] unidentified damage from an unidentified cause . . . and that [Scottsdale had] breached the policy by failing to pay the claim," without

providing "facts that, if true, demonstrate [Scottsdale's] liability," the district court ruled, was "insufficient to support a breach-of-contract claim." The district court dismissed the complaint without prejudice with leave to amend within 14 days.

The third amended complaint was virtually identical to its predecessor and repeated the same allegations about M&M's loss, and the failure of Scottsdale to investigate and pay. M&M added facts about the date on which and reasons that Scottsdale denied coverage. M&M also alleged that it had "an all risk policy, subject to exclusions and limitations for which there are none applicable to warrant denial of coverage" and that the adverse decision was "improper . . . [for] fail[ing] to identify an applicable exclusion."

Scottsdale moved to dismiss the third amended complaint and submitted a copy of its denial letter. M&M responded that its "all risks" policy covered all losses or damage to its property unless expressly excluded by the policy. And M&M argued that its allegations of roof damage causing water damage during the policy period sufficed to establish coverage under the policy and shifted the burden to Scottsdale to establish that the damage to the insured building was excluded from coverage.

The district court granted the motion to dismiss the third amended complaint. *See id.* The district court ruled that the complaint lacked facts that the property damage was covered by M&M's "all risk" policy, which covered only "fortuitous" or unexpected losses. *See Fayad v. Clarendon Nat. Ins. Co.*, 899 So. 2d 1082, 1086 (Fla. 2005). The district court explained that the "sparse

6                    Opinion of the Court                22-11290

allegations" M&M made "[w]ith respect to the actual damage and event that caused it" made it "impossible to . . . [determine] one way or another whether the damage causing event was plausibly fortuitous." And the district court, having "highlighted th[e] deficiency in its first order dismissing the complaint[, faulted] . . . M&M [for having] made no apparent effort to cure it."

Two standards of review govern this appeal. We review *de novo* the dismissal of a complaint. *Einhorn v. Axogen, Inc.*, 42 F.4th 1218, 1222 (11th Cir. 2022). We review the denial of a motion to amend a complaint for abuse of discretion. *Covenant Christian Ministries, Inc. v. City of Marietta, Ga.*, 654 F.3d 1231, 1239 (11th Cir. 2011).

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation marks omitted). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, [that] state[s] a claim to relief that is plausible on its face." *Id.*

We need not decide whether M&M had to allege its loss was "fortuitous" because a more fundamental reason supports the decision that its third amended complaint fails to state a claim. *See* Fed. R. Civ. P. 12(b)(6). M&M alleged no facts from which the

district court could plausibly infer that Scottsdale breached its contract by denying M&M's claim. Under Florida law, which the parties agree applies, an insured with an "all-risks" policy establishes coverage if its insured property suffered a loss while the policy is in effect *unless* the cause of the loss is expressly excluded from coverage. *Panettieri v. People's Tr. Ins. Co.*, No. 4D20-2624, 2022 WL 2962558, at *2 (Fla. Dist. Ct. App. July 27, 2022). M&M alleged that its all-risks policy was in effect when its building was damaged. But the denial letter from Scottsdale, which was incorporated into the third amended complaint by reference, established that the insurer denied coverage based on exclusions in its policy for wear and tear, for deterioration, for faulty or defective repairs, materials, and maintenance, and for interior water damage not connected to a covered loss to the roof or walls of the building. M&M's conclusory allegation that its "Property sustained a sudden, accidental and/or otherwise covered loss under the Policy" fails to allege any facts from which the district court could plausibly infer that the damage was attributable to causes other than those identified by Scottsdale and so its refusal to further investigate and to pay breached their contract. *See Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) ("[C]onclusory allegations . . . masquerading as facts will not prevent dismissal."). Because M&M's allegations "are merely consistent with [Scottsdale's] liability, [the third amended complaint] stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft*, 556 U.S. at 678 (internal quotation marks omitted). The district court did not err by dismissing the third amended complaint.

8                          Opinion of the Court                     22-11290

The district court also did not abuse its discretion by failing *sua sponte* to give M&M another opportunity to amend its complaint. The district court identified the deficiencies in M&M's second amended complaint and provided leave to amend despite no request from M&M to do so. As the district court stated, despite having several opportunities to "adequately stat[e] a claim both before and after the case was removed to" federal court, M&M "made no apparent effort to cure" the deficiencies both courts identified in their orders of dismissal. It would have been futile to give M&M leave to amend its complaint a fourth time. *See L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1332 (11th Cir. 2020).

We **AFFIRM** the dismissal of M&M's third amended complaint.